Donnell PEOPLES, Appellant,

v.

The STATE of Texas, Appellee.

No. 43097.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Rehearing Denied Dec. 9, 1970.

Melvyn Carson Bruder, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery with a prior robbery conviction alleged for enhancement; the punishment, life.

 The sufficiency of the evidence is not questioned. Appellant's first ground of error is that the court erred in not granting him more than three days in order to secure an attorney of his choice. Some three months before the filing of this pro se motion the court had appointed an attorney who did actually represent appellant at his trial. Appellant admits that his court-appointed attorney represented him adequately. No abuse of discretion is shown, Estrada v. State, Tex.Cr.App., 406 S.W.2d 448.

His second ground of error is that the prosecutor should have been restrained from mentioning the prior conviction alleged for enhancement. The reason asserted is that the judgment and sentence in the prior conviction were void for indefiniteness. This contention is based upon a typographical strike-over in the certified copy thereof. The trial court read it to say, "not more than eight (8) years", and we read it the same way.

His third ground of error is that the court charged the jury that they were not to consider appellant's failure to testify as a circumstance against him. He argues that the court should have deleted this statement from the charge. We do not construe Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, or Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, as appellant's counsel would have us do. As in Smith v. State, Tex. Cr.App., 455 S.W.2d 748, appellant did not object to court's charge. It may be that the giving of such a charge would not be proper in every case. But we have concluded that no reversible error is shown in this case.

His fifth ground of error is that appellant was not called upon to plead to the enhancement count of the indictment prior to proof being offered at the punishment stage. When the court discovered that this had not occurred he arraigned the defendant, retired the jury and told counsel that he would start the testimony all over again. At this juncture appellant agreed, without waiving his objection, that if the witnesses who had testified were called back, their testimony would be the same. This Court held in Trammell v. State, 445 S.W.2d 190, where exactly the same procedure occurred, that "the trial judge was eminently correct in the procedure utilized." Also, see Hearne v. State, Tex.Cr.App., 58 S.W. 1009; Barbee v. State, 32 Tex.Cr.R. 170, 22 S.W. 402.

Finding no reversible error, the judgment is affirmed.