**Douglas Scott WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 926–87.**

Court of Criminal Appeals of Texas, En Banc.

June 7, 1989.

Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall and Betty Stanton, Asst. Dist. Attys., Forth Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted of driving while intoxicated (hereinafter referred to as "DWI") resulting in serious bodily injury to another as proscribed by Art. 6701*l*–1(b), (f) V.A.C.S.[1] The appellant waived a jury trial and pursuant to a plea agreement entered a plea of nolo contendere to the charge.[2] The information charged appellant with DWI and included an "enhancement paragraph" alleging another person suffered serious bodily injury as a result of the offense. The court sentenced the appellant to sixty-three days confinement in the Tarrant County Jail and a fine of $600.00.

The appellant's conviction was affirmed in an unpublished opinion by the 2nd Court of Appeals. *Wilson v. State*, (Tex.App.— Fort Worth, No. 2–86–227–CR, delivered June 11, 1987) In affirming his conviction

the Court of Appeals rejected the appellant's argument and held that DWI is not a lesser included offense of DWI resulting in serious bodily injury to another. Therefore, according to the Court of Appeals, an allegation that serious bodily injury was suffered by a person as a consequence of the offense of DWI is in the nature of an enhancement of punishment allegation statutorily authorized by Art. 6701*l*–1(f), V.A.C.S. We granted the appellant's first ground of review to examine the court of appeals' decision. We also granted a related ground of review to consider the court of appeals' conclusion that the trial court did not err when it denied the appellant's motion to quash. We will affirm the judgment of the court of appeals.

When the appellant entered his plea, the following transpired:

> The Court: Can we at least enter a plea on the case?
>
> [Defense attorney]: Yes, Judge, I believe I entered a plea previously on behalf of my client.
>
> The Court: Can we get him to plead?
>
> [Defense attorney]: Sure.
>
> The Court: Mr. Wilson, do you know what you're charged with in this offense?
>
> The Defendant: Yes, Sir.
>
> The Court: What are you charged with?
>
> The Defendant: DWI.
>
> The Court: Serious bodily injury?
>
> The Defendant: Yes, Sir.
>
> The Court: And how do you plead to it?
>
> The Defendant: Guilty, Sir.
>
> The Court: All right. Let's proceed.
>
> [Prosecutor]: Excuse me, your honor. I believe the agreed plea was nolo contendere.
>
> [Defense attorney]: That's correct. It would be a no contest plea, Judge, for the record.
>
> The Court: Well, it's already in the record, so let's proceed. Let's proceed, please.

---

1. A copy of Art. 6701*l*–1, V.A.C.S., is attached as an appendix to this opinion.

2. The court of appeals stated that the record was in such a state of confusion that they could not

decipher the exact nature of appellant's plea. Looking at the plea arraignment we believe it was appellant's intent to enter a plea of nolo contendere.

Thereafter, the prosecutor completed the plea by questioning the appellant, who had previously been placed under oath. The colloquy which took place between appellant and the State's attorney dealt solely with the offense of DWI. No questions were propounded in regard to any serious bodily injury which may have been the direct consequence of the DWI offense. Immediately afterwards, however, the state presented evidence that another had suffered serious bodily injury as a result of this accident that occurred while the appellant was driving while intoxicated. The trial court then found the defendant guilty and, consistent with the plea agreement, assessed the appellant's punishment as previously noted.

Basically, the appellant claims that DWI and DWI resulting in serious bodily injury are two distinct offenses. Under the appellant's reasoning, since he plead nolo contendere to only the DWI charge, and the court accepted his plea, he was found guilty of and convicted of DWI and not DWI resulting in serious bodily injury. Accordingly, under the appellant's view, he was necessarily acquitted of the greater offense—DWI resulting in serious bodily injury. Therefore, the argument proceeds, that to punish him for the offense of DWI resulting in serious bodily injury violates the double jeopardy provisions of the State and Federal Constitutions.[3]

In response, the State obviously argues that DWI and DWI resulting in serious bodily injury are not separate offenses. According to the State, an allegation of serious bodily injury is merely an issue that enlarges the available range of punishment.

The appellant draws authority for his position from the language in *Rivera v. State*, 716 S.W.2d 68, 71 (Tex.App.—Dallas 1986 *pdr ref'd*). In *Rivera* the Fifth Court of Appeals indicated that causing serious bodily injury while driving while intoxicated is the greater offense and DWI is the lesser offense. To the contrary, the State asserts that this Court should adopt the opposite position taken by second court of appeals in *Bucek v. State*, 724 S.W.2d 129 (Tex.App.—Fort Worth 1987 *no writ*) and *Scharbrough v. State*, 732 S.W.2d 445 (Tex.App.—Fort Worth 1987 *pet. ref'd*). In both of these cases the court of appeals held that DWI and DWI resulting in serious bodily injury are not separate offenses. For the reasons to be stated, we agree with the State and consequently conclude that DWI is not a lesser included offense of DWI resulting in serious bodily injury. Thus, the court of appeals was correct in its conclusion that the allegation of serious bodily injury is an enhancement provision and proof of it is to be reserved for the punishment phase of a DWI trial in the event of conviction.[4]

Art. 37.09, V.A.C.C.P. reads as follows: An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious

3. Assuming DWI resulting in serious bodily injury is a separate and distinct offense, it is certainly arguable that the appellant pled nolo contendere to DWI resulting in serious bodily injury and as a result the case is not in the correct procedural posture for us to reach the merits of the appellant's appeal. However, the appellant, the State, and the court of appeals have all confronted this appeal with the assumption that the appellant pled nolo contendere to DWI and received an enhanced punishment. We are therefore deferring to that assumption.

However, in its Brief on the Merits, the State argues that the appellant waived his complaint by pleading nolo contendere to the offense, citing *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App. 1972). However, they did not contest the appellant's direct appeal on this basis, nor did they urge it as a basis for this Court to deny review in its "Reply to the Petition for Review." If the State intends to claim that a procedural defect bars an appeal it should be asserted in the court of appeals and if rejected by the court of appeals, should be presented to this Court in a petition for discretionary review, or in the appropriate case a cross-petition for discretionary review.

4. This is not to say that under the appropriate situation evidence of the victim's serious bodily injury would not be admissible at the guilt/innocent phase of the trial. This would, of course, depend upon its relevancy as defined in Rule 401, Tex.R.Crim.Evid.

injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Assuming all of these statutory conditions are met and the evidence was in such a state to comply with the *Royster/Aguilar* test requiring the submission of a charge on lesser included offenses there would still be one inherent condition precedent which would prevent DWI from being a lesser included offense: [5] causing serious bodily injury as a direct result of committing the offense of DWI would have to be an offense in and of itself, and we find that it is not.

After Art. 6701*l*–1(a) states the relevant definitions of the terminology applicable to the offense of driving while intoxicated, section (b) defines the substantive offense of DWI as follows:

A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place....

Section (f) dealing with one suffering serious bodily injury as a direct result of a defendant committing the offense of DWI in pertinent part reads:

*If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury,* the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500. [emphasis added]

The court of appeals, in rejecting appellant's contention, relied on its opinion in *Bucek v. State,* supra. In *Bucek,* the identical assertion was made as in the case at bar. Justice Keltner, writing for the court in that case, after making a comparison of the statutory language in the DWI statute to pertinent language found in the penal code, observed:

The language used to define each offense enumerated in the Penal Code begins with a statement, 'a person commits an offense if....' Likewise, the language prescribing extraordinary punishment for an offense because of aggravating factors consistently begins with the phrase, 'if it be shown on the trial....' As a result, the conclusion is inescapable that subsection (b) defines the offense of driving while intoxicated. Subsection (c) prescribes the ordinary punishment for that offense and subsections (d), (e) and (f) prescribe extraordinary punishment which is available in the event of certain aggravating factors. [footnote omitted]

Based on that reasoning, the court in *Bucek* concluded:

[T]he provisions of TEX.REV.CIV. STAT.ANN. art. 6701*l*–1(f) (Vernon Supp.1987) provides an enhancement of punishment prescribed for the offense of driving while intoxicated and does not define, of and in itself, a separate offense. As a result, article 6701*l*–1(b) cannot be a lesser included offense of article 6701*l*–1(f).

We find the analysis and reasoning by the court of appeals in *Bucek* to be both persuasive and sound. In *Bucek* the court of appeals was actually alluding to the legislative scheme of classifying offenses. The elements of each offense specified in the penal code are prefaced with the phrase "a person commits an offense." Aggravated offenses acquire their status as a greater offense partially because the legislature required the commission of the basic of-

**5.** See *Royster v. State,* 622 S.W.2d 442 (Tex.Cr. App.1981); *Aguilar v. State,* 682 S.W.2d 556 (Tex.Cr.App.1985). In *Royster v. State,* this Court enunciated a two part test to determine whether a charge on a lesser included offense is required: "First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense." [citation omitted]

fense, added additional aggravating elements and then identified the conduct as a separate offense by simply stating "a person commits an offense."

For example, the elements of the basic kidnapping offense (V.T.C.A. Penal Code, § 20.03) are prefaced by "(a) *A person commits an offense* if he intentionally or knowingly abducts another person." [emphasis added] The succeeding statute (V.T.C.A. Penal Code, § 20.04)—aggravated kidnapping—is prefaced with identical introductory language and follows by specifically identifying the aggravating elements necessary to establish the commission of the greater offense. The final paragraphs in both the kidnapping offense and the aggravated kidnapping offense simply attaches the authorized penalty by designating the degree felony for each offense. Obvious from the statutory scheme is that both the basic and aggravated offenses are separate and distinct penal violations and the existence of an aggravating factor is to be resolved at the guilt/innocence phase of the criminal trial, with the exception of the punishment issue engrafted into the offense of aggravated kidnapping.[6]

This relatively simple statutory scheme is duplicated throughout the penal code and the Controlled Substances Act.[7] That is, each time conduct is identified with the preliminary phrase "A person commits an offense if ...," the attendant prohibition is indeed a separate and distinct offense as opposed to a punishment enhancing measure.

The foregoing observations concerning the designation of substantive offenses does not carry over to the designation of statutorily authorized enhanced penalties.[8] Again, as Justice Keltner in *Bucek*, supra, observed, extraordinary punishment or enhancement provisions commence with the language, "If it be shown on the trial. of ..," rather than the semantically inappropriate "a person commits an offense." For instance, V.T.C.A. Penal Code, §§ 12.-42 and 12.43, which specifically deals with penalties for repeat and habitual offenders, commences each enhancement provision with the phrase: "If it be shown on the trial of ...," thus, the statutory scheme that is consistent throughout the penal code clearly delineates between conduct that is intended to be an offense and conduct that subjects one to enhanced punish-

6. V.T.C.A. Penal Code, § 20.04(b), which provides that aggravated kidnapping is reduced to a "second degree" felony if "the actor voluntarily releases the victim alive and in a safe place[,]" is a punishment issue to be decided by the factfinder at the punishment phase of the trial. See *Robinson v. State,* 739 S.W.2d 795, 797 (Tex.Cr. App.1987).

7. For inexhaustive examples see:
Sec. 22.01 Assault, Sec. 22.011 Sexual Assault, Sec. 22.02 Aggravated Assault, Sec. 22.021 Aggravated Sexual Assault, Sec. 29.02 Robbery, Sec. Aggravated Robbery, Sec. 37.02 Perjury, Sec. 37.03 Aggravated Perjury, Sec. 43.03 Promotion of Prostitution and Sec. 43.04 Aggravated Promotion of Prostitution. Possession of Controlled Substances under Art. 4476–15, V.A.C.S. Sec. 4.04, Sec. 4.041, Sec. 4.042, and Sec. 4.043. Delivery of Marihuana, Sec. 4.05 and Possession of Marihuana, Sec. 4.051.

8. Sec. 12.42 reads:
(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first-degree felony.
(b) If it be shown on the trial of a second-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished of a first-degree felony.
(c) If it be shown of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.
(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.
See also Art. 4476–15, § 4.012(a), of the Controlled Substance Act dealing with repeat violators of that Act. This section commences with phraseology identical to that as quoted from Art. 12.43, supra.

ment, proof of which is reserved for the punishment phase of the criminal proceeding.

Consistent with the adoption of the language identifying offenses ("a person commits an offense") the DWI statute also adopts the language of the Penal Code identifying enhanced punishments ("If it be shown on the trial"). For example, the provisions authorizing enhanced punishment for repeat offenders in art. 6701–*l* (d) and (e), supra are each prefaced with "If it is shown on the trial...." As previously noted, this is virtually the same language employed to introduce the availability of enhanced punishment in the Penal Code.

The statute in question, Art. 6701–*l* (f), supra, is prefaced with language virtually identical to that found in the previously identified punishment statutes. The consistent restriction of the prefatory language "if it be shown on the trial" to matters dealing only with punishment compel the conclusion that a DWI resulting in serious bodily injury to another is a punishment issue.

Art. 6701*l* (f), supra, continues, however, and includes the following procedurally descriptive language: "of a person *punished for an offense under Subsection (c), (d), or (e)*...." Such language clearly denotes that before subsection (f) is to be invoked an individual must be convicted of a DWI. If the prescribed conditions exists as set out in subsection (f), the State may seek the extraordinary punishment that such subsection provides. This is an issue which is to be resolved at the punishment stage of the proceeding, and the appended punishment provided for causing serious bodily injury to another person as the direct result of driving while intoxicated is an enhancement provision.

Although the present case is concerned with only the relationship between a DWI and a DWI resulting in serious bodily injury as authorized by Art. 6701*l*–1, supra, Art. 6701*l*–(f), supra contains another enhancement provision that bolsters the preceding conclusion. The statute also authorizes additional punishment if the intoxicated driver is found in possession of an open container of an alcoholic beverage. Because of the identical prefatory language, if the appellant's position were to prevail then we would be compelled to also conclude that DWI is a lesser included offense of being in possession of an open container of an alcoholic beverage. Such a result is untenable.

Accordingly, we hold that Art. 6701*l*–1(f), supra, is not a separate offense; therefore, the offense of DWI is not a lesser included offense. Thus, appellant is being punished for driving while intoxicated and causing serious bodily injury was not placed in double jeopardy in violation of the prohibitions contained in the State and Federal Constitutions. Appellant's ground for review is overruled.

As to the ground for review claiming that the trial court erred in failing to quash the information because it contained the allegation of serious bodily injury as an enhancement count rather than a separate offense, for the reasons stated it is likewise overruled.

The judgment of the trial court and the court of appeals is therefore affirmed.

## APPENDIX

**Art. 6701*l*–1. Intoxicated driver; penalty**

(a) In this article:

(1) "Alcohol concentration" means:

(A) the number of grams of alcohol per 100 milliliters of blood;

(B) the number of grams of alcohol per 210 liters of breath; or

(C) the number of grams of alcohol per 67 milliliters of urine.

(2) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

(3) "Serious bodily injury" means injury that creates a substantial risk of death or that causes serious permanent disfigure-

ment or protracted loss or impairment of the function of any bodily member or organ.

(4) "Public place" has the meaning assigned by Section 1.07(a)(29), Penal Code.

(5) "Controlled substance" has the meaning assigned by Subdivision (5), Section 1.02, Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).

(6) "Drug" has the meaning assigned by Subdivision (14), Section 1.02, Texas Controlled Substances Act (Article 4476–15, Vernon's Texas Civil Statutes).

(7) "Alcoholic beverage" has the meaning assigned by Section 1.04(1), Alcoholic Beverage Code.

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

(c) Except as provided by Subsections (d), (e), and (f) of this article, an offense under this article is punishable by:

(1) a fine of not less than $100 or more than $2,000; and

(2) confinement in jail for a term of not less than 72 hours or more than two years.

(d) If it is shown on the trial of an offense under this article that the person has previously been convicted one time of an offense under this article, the offense is punishable by:

(1) a fine of not less than $300 or more than $2,000; and

(2) confinement in jail for a term of not less than 15 days or more than two years.

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

(f) If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500. If it is shown on the trial of a person punished for an offense under this article that the person committed the offense and at the time of the offense the person operating the motor vehicle had an open container of an alcoholic beverage in his immediate possession, the minimum term of confinement for the offense is increased by:

(1) three days, and the minimum and maximum fines for the offense are increased by $100, if the person is punished for an offense under Subsection (c) of this article;

(2) six days, and the minimum and maximum fines for the offense are increased by $200, if the person is punished for an offense under Subsection (d) of this article; and

(3) 12 days, and the minimum and maximum fines for the offense are increased by $400, if the person is punished for an offense under Subsection (e) of this article.

(g) For the purposes of this article, a conviction for an offense under Article 6701*l*–1 or 6701*l*–2, Revised Statutes, as those laws existed before January 1, 1984, is a conviction of an offense under this article.

(h) For the purposes of this article, a conviction for an offense that occurs on or after January 1, 1984, is a final conviction, whether or not the sentence for the conviction is probated.

(i) A conviction may not be used for the purpose of enhancement under Subsection (d) or (e) of this article if:

(1) the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an offense committed more than 10 years before the offense for which the person is being tried was committed; and

(2) the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or Article 6701*l*–1, or Article 6701*l*–2, Revised Statutes, committed within 10 years immediately preceding the date on which the offense for which the person is being tried was committed.

(j) On conviction of an offense under this article or an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, the court shall impose a cost of $15 on a defendant if, subsequent to the arrest of the defendant, a law enforcement agency visually recorded the defendant with an electronic device. Costs imposed under this subsection are in addition to other court costs and are due whether or not the defendant is granted probation in the case. The court shall collect the costs in the same manner as other costs are collected in the case.

(k) [Blank]

(*l*) The increases in maximum and minimum punishments provided by Subsection (f) of this article are cumulative. If it is shown on the trial of the offense that the person committed the offense, that as a direct result of the offense a person suffered serious bodily injury, and that at the time of the offense the person was operating a motor vehicle with an open container of an alcoholic beverage present in the passenger portion of the vehicle, both increases in punishment authorized by Subsection (f) apply.

(m) On conviction of an offense punishable under Subsection (c) of this article, the court shall impose as a cost of court on the defendant an amount that is equal to the cost of an evaluation of the defendant performed under Section 4(h) or 6b(g), Article 42.12, Code of Criminal Procedure. Costs imposed under this subsection are in addition to other court costs and are due whether or not the defendant is granted probation in the case, except that if the court determines that the defendant is indigent and unable to pay the cost, the court may waive the imposition of the cost.

Amended by Acts 1979, 66th Leg., p. 1609, ch. 682, § 3, eff. Sept. 1, 1979; Acts 1983, 68th Leg., p. 1574, ch. 303, § 3, eff. Jan. 1, 1984; Acts 1985, 69th Leg., ch. 10, § 1, eff. March 28, 1985; Acts 1985, 69th Leg., ch. 226, § 1, eff. Sept. 1, 1985; Acts 1985, 69th Leg., ch. 462, § 18, eff. Aug. 26, 1985; Subsec. (j), added by Acts 1985, 69th Leg., ch. 462, § 18, relettered as (*l*) by Acts 1987, 70th Leg., ch. 167, § 5.01(a)(62), eff. Sept. 1, 1987; Subsec. (m) added by Acts 1987, 70th Leg., ch. 507, § 3, eff. Sept. 1, 1987.

TEAGUE, Judge, concurring and dissenting.

Although I agree with the majority opinion that "the court of appeals was correct in its conclusion that the allegation of serious bodily injury is an enhancement [of punishment] provision and proof of it is to be reserved for the punishment phase of a DWI trial in the event of conviction," (Pages 120–121 of majority opinion, footnote 3 deleted), and thus is neither a distinct and separate offense nor a lesser included offense, I do so for different reasons. For reasons that I will give, and in the interest of judicial economy, I vote to remand this cause to the trial court for a new punishment hearing. To the majority's failure to do so, I respectfully dissent.

I believe that to better appreciate what is before us we should recognize what Hon. Richard Alley, the attorney who represents Douglas Scott Wilson, henceforth appellant, in this cause, has presented in the following causes. Alley also represented the defendants on direct appeal in the following causes, all of which cases I find are related to this cause.

On June 29, 1988, this Court refused the petition for discretionary review that was filed by Alley on behalf of Joseph Scharb-

rough in this Court's cause number 0894–87. Also see *Scharbrough v. State,* 732 S.W.2d 445 (Tex.App.–2nd 1987). In that cause, the defendant was charged with driving while intoxicated. The State alleged, in an "enhancement of punishment" paragraph of the information, that at the time appellant committed the driving while intoxicated offense he "knowingly had an open container of an alcoholic beverage, to-wit: one can of beer in his immediate possession." These allegations comport with the provisions of Art. 6701*l*–1, V.A.C.S. The defendant claimed in the trial court and on appeal that this alleged two separate and distinct offenses, driving while intoxicated and driving while intoxicated with an open container, or that driving while intoxicated was a lesser included offense of driving while intoxicated while in possession of an open container of an alcoholic beverage, and as such the information was subject to his motion to quash. The court of appeals rejected the defendant's contention. This Court refused the defendant's petition for discretionary review without comment or written opinion.

Under Art. 6701*l*–1, a person convicted of driving while intoxicated, and it is also alleged and proved that he then knowingly had an open container of an alcoholic beverage in his immediate possession when he committed the offense, in addition to whatever punishment he might be assessed for the driving while intoxicated offense, if he is placed on probation, a mandatory condition of probation is that he will spend 30 days in the county jail. In *Scharbrough,* the defendant was found guilty of driving while intoxicated and assessed 90' days confinement in the Tarrant County Jail, probated for 24 months, and a $400 fine. Because the trial judge also found the "container" or "enhancement of punishment" allegation was "true", a condition of probation was added that required the defendant to serve 30 days' confinement in the Tarrant County Jail. Alley correctly pointed out in his petition for discretionary review that a defendant would probably be better off working out a "deal" for the minimum punishment, or as close to the minimum of 6 days as possible, thereby avoiding the stringent conditions of probation and a 30 day jail sentence. Alley also correctly pointed out that "a literal reading [of the statute] makes a first offender with a half-can of beer in his possession do three times the jail time compared to a person who has been convicted three times [of driving while intoxicated]." Perhaps when it dawns on our Legislature, and special interest groups, as it did on Alley, that the offense of driving while intoxicated is at the present time a civil offense that carries criminal penalties, and should be placed in the Penal Code and not in the civil statutes, a penal statute that will comport with due process and due course of law will be drafted by our Legislature.

The court of appeals first correctly pointed out in its opinion of *Scharbrough* that the enhancement of punishment provisions found in the Penal Code are inapplicable to the offense of driving while intoxicated because driving while intoxicated is actually a civil offense that carries criminal penalties, with its own built-in enhancement provisions, which is found in the civil statutes and not the penal statutes of this State. For reasons it gave, the court of appeals rejected the defendant's contentions that the information was subject to his motion to quash.

In another opinion handed down on the same day that *Scharbrough* was handed down, the Second Court of Appeals, in its unpublished opinion of *Thomas v. State,* No. 2–86–245–CR, July 1, 1987, rejected similar contentions presented by Alley. The petition for discretionary review that Alley filed was refused by this Court on July 13, 1988, without comment or written opinion. See *Thomas v. State,* Texas Court of Criminal Appeals No. 0913–87.

Before the Second Court of Appeals decided the above cases, it had already decided the case at Bar on June 11, 1987, in an unpublished opinion. See *Wilson v. State,* Tex.App.–2nd No. 2–86–227–CR. The main difference between the allegations in the above cases and the allegations in this cause is that here the State alleged in the information that the defendant drove an automobile while intoxicated and, to en-

hance punishment, alleged that the offense resulted in serious bodily injury.

A motion to quash the information was also filed in this cause, which motion was denied by the trial judge. Counsel, his client, and the prosecutor entered into a plea bargain agreement that the trial judge approved, apparently with the understanding that appellant could appeal the trial judge's ruling on the motion to quash. On direct appeal, Alley added a new contention, "that the trial court erred in finding him guilty of the offense of driving while intoxicated with serious bodily injury and punishing him therefor, when the court only arraigned him and accepted his plea to the 'lesser included' offense of driving while intoxicated, without allegation of serious bodily injury, all in violation of the prohibition against double jeopardy contained in U.S. CONST. amends. IV and V, TEX. CONST. art. I, secs. 3, 10, 13, 14 and 19, and TEX.CODE CRIM.PROC.ANN. arts. 37.08, 37.14 (Vernon 1981)." (Pages 1–2, opinion of the court of appeals.) In addressing appellant's second contention, the court of appeals did not consider the provisions of Art. 44.02, V.A.C.C.P. Also see Rule 40(b)(1), Rules of Appellate Procedure.

Relying upon its decision of *Bucek v. State*, 724 S.W.2d 129 (Tex.App.–2nd 1987), no p.d.r., the Fort Worth Court of Appeals rejected appellant's first contention. *Bucek* was also represented by Alley, but he did not file a petition for discretionary review in that cause. The defendant Bucek was found guilty by a jury of driving while intoxicated. After hearing evidence, the trial judge assessed the defendant Bucek's punishment at a $600 fine and "confinement for 30 days and 70 days confinement probated for two years." (129).

The defendant Bucek made the same argument that appellant makes in this cause, that because the trial judge only "arraigned" him for driving while intoxicated, and not for driving while intoxicated that resulted in serious bodily injury, and because the jury only found him guilty of driving while intoxicated, he could only be punished for driving while intoxicated and not for driving while intoxicated that resulted in serious bodily injury. The court of appeals rejected this contention, although it is not clear from its opinion on just what legal basis it did so. It apparently held that the allegation that concerned "serious bodily injury" was not an element of the offense but was an enhancement of punishment allegation, and, as the trial judge was called upon to assess punishment, it was within his perogative to enhance the punishment.

The Fort Worth Court of Appeals in *Bucek*, although acknowledging that its holding was in conflict with what the Dallas Court of Appeals had held in *Rivera v. State*, 716 S.W.2d 68 (Tex.App.–5th 1986), State's p.d.r. refused February 10, 1988, motion for rehearing denied May 11, 1988, for reasons stated, it declined to follow what the Dallas Court of Appeals stated and held in *Rivera*.

In *Rivera*, without the presence of counsel for the State, the defendant entered a plea of guilty to the trial judge, but only to the allegation that he drove a motor vehicle while intoxicated. He did not plead, and was not asked to plead to the other allegation by the trial judge, that the accident he was involved in had resulted in serious bodily injury. The trial judge found him guilty "of the lesser included offense of driving while intoxicated" and assessed punishment at 30 days' confinement in the Dallas County Jail, probated for 24 months, and a $300 fine. Thereafter, the trial judge suspected that he had been misled by the defendant, as to whether serious bodily injury had occurred. The trial judge then made an independent investigation and learned that the complainant in that cause had actually sustained serious bodily injury. Pursuant to a conference with the trial judge, without the defendant apparently being present, counsel for the defendant filed a motion for new trial, which was joined by the prosecutor, at the trial judge's invitation. The defendant again pled guilty and was found guilty of driving while intoxicated and causing serious bodily injury. On direct appeal, the Dallas Court of Appeals set aside the second judgment of conviction and punishment on the

ground that the double jeopardy clauses prohibited the second trial, and further found that the trial judge had expressly acquitted the defendant of the more serious offense of driving while intoxicated that resulted in serious bodily injury, and had only found him guilty of driving while intoxicated. The judgment of the first trial was ordered reinstated.

In its petition for discretionary review in *Rivera*, the State did not challenge the trial court's finding at the first trial that the defendant was guilty of what it found was a lesser included offense, driving while intoxicated, nor did it at that time rely upon the Fort Worth Court of Appeals' decision of *Bucek*. However, by the time it filed its motion for rehearing, the attorney representing the State had found the Fort Worth Court of Appeals' opinion of *Bucek*, and urged this Court to invoke and apply *Bucek* to that cause. This Court, however, not only refused the State's petition for discretionary review, it also denied the State's Motion for Rehearing, both done without written comment or opinion.

It thus appears to me that if driving while intoxicated is a lesser included offense of driving while intoxicated resulting in serious bodily injury, under *Rivera* appellant wins. If it is not, under *Bucek* the State wins.

The majority opinion of this Court holds that it is not, and also holds that it is merely an issue that should be resolved at the punishment stage of the trial. I agree with those holdings. The majority opinion relies primarily on *Bucek*.

The main flaw that I find with the majority opinion and *Bucek* is that both overlook the provisions of Art. 36.01(a)(1), V.A.C. C.P., or they attempt to equate the pleading of causing serious bodily injury in a driving while intoxicated case to pleading a prior misdemeanor conviction for enhancement of punishment purposes pursuant to the provisions of V.T.C.A., Penal Code § 12.43(a), without taking into consideration the provisions of Art. 36.01(a)(1) or Art. 37.07, V.A.C.C.P., the pertinent case law on the point, or the fact that we are not dealing with enhancement of punishment

under the Penal Code, but are dealing with enhancement of punishment pursuant to a civil statute.

I will assume for purposes of argument that the information in this cause is substantially the same as the one that is set out in *Bucek*, 724 S.W.2d at 130.

A careful reading of the provisions of Art. 6701*l*–1 makes it clear to me that there is but one offense and that is the offense of driving while intoxicated. See subsection (b). The allegations of the information in this cause make it clear to me that that is the offense the State charged appellant with committing. The statute also provides for enhancement of punishment where the defendant has been convicted of at least two prior driving while intoxicated offenses. Punishment may also be enhanced, if it is alleged and proved that another person suffered serious bodily injury as a direct result of the driving while intoxicated offense or that at the time the defendant committed the offense of driving while intoxicated he knowingly had an open container of an alcoholic beverage in his immediate possession. It also appears that punishment can be further enhanced under the statute if both serious bodily injury *and* knowingly possessing an open container are pled and proved.

Thus, I agree with the majority opinion, and must disagree with Alley's contention, that because appellant was "arraigned" only on the primary offense the trial judge was not authorized to find him guilty of driving while intoxicated *and* to enhance his punishment for driving while intoxicated that resulted in serious bodily injury.

V.T.C.A., Penal Code § 1.03(b), provides: "The provisions of Titles 1, 2, and 3 of this Code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code." Art. 6701*l*–1 does not classify the offenses defined therein in the terms employed in V.T.C.A., Penal Code §§ 12.03 and 12.04, but instead employs a

punishment scheme based on the defendant's previous driving while intoxicated convictions and other circumstances surrounding the offense. Thus, subchapters B and C of Title 3 of the Penal Code (§§ 12.21–12.34), specifying ordinary misdemeanor and felony punishments, are not applicable in prosecutions for driving while intoxicated. Furthermore, Art. 6701*l*–1 is a special statute and contains its own enhancement of punishment provisions. The enhancement allegation "serious bodily injury" is not an element of the primary offense. See and compare *Bell v. State*, 504 S.W.2d 498 (Tex.Cr.App.1974).

This is not to say that this Court's decisions, that are in the ballpark on the issue, are helpful in resolving the issue, because they aren't. At this time, a major conflict appears to exist between this Court's decisions of *Guiterrez v. State*, 628 S.W.2d 57 (Tex.Cr.App.1980), and *Platter v. State*, 600 S.W.2d 803 (Tex.Cr.App.1980). The issue whether to resolve that conflict is presently before this Court in *Jones v. State*, Tex.Cr.App. No. 0038–89, see appellant's petition for discretionary review, granted this date. Also see *Jones v. State*, 762 S.W.2d 330 (Tex.App.–3rd, 1988).

I have assumed for argument purposes that the information here is substantially the same as the one set out in *Bucek*, supra. In this instance, the provisions of Art. 36.01(a)(1) were not complied with, and because it was an "enhancement" allegation, Art. 36.01(a) should have been invoked. See *Bell v. State*, supra.

Appellant was never arraigned by the trial judge on the "enhancement" allegation. This occurred without objection from appellant. The trial judge simply considered both guilt and punishment during one proceeding, pursuant to appellant's plea of nolo contendere to the primary charge of driving while intoxicated.

Therefore, what is the effect of the failure of the defendant to plead to the "enhancement" paragraph in this cause? It is now axiomatic that in order to enhance punishment, pursuant to enhancement allegations, it is mandatory for the defendant to plead thereto and the evidence must establish the allegation. See *Ex parte Sewell*, 742 S.W.2d 393, 395 (Tex.Cr.App. 1987), and *Warren v. State*, 693 S.W.2d 414, 415 (Tex.Cr.App.1985). Also see *Peoples v. State*, 459 S.W.2d 868 (Tex.Cr.App. 1970), and *Trammell v. State*, 445 S.W.2d 190 (Tex.Cr.App.1969). Failure to comply with the provisions of Art. 36.01 constitutes reversible error. *Peltier v. State*, 626 S.W.2d 30, 31 (Tex.Cr.App.1981). In this instance, the record is clear that appellant never pled to the "enhancement" allegation, nor was he called upon to plead to the "enhancement" allegation. Thus, the issue regarding enhancing appellant's punishment in this cause was never joined.

Therefore, because the trial judge assessed punishment, because appellant never entered a plea to the "enhancement" allegation, and because the trial judge never made a finding on the "enhancement" allegation, I do not vote to affirm the judgment of the court of appeals, but instead vote to remand this cause to the trial court for a new punishment hearing.