

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0556-20

### PHI VAN DO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

<u>**DISSENTING OPINION**</u>

Once again, as in *Niles v. State*, 555 S.W.3d 562 (Tex. Crim. App. 2018), this Court puts the onus on a defendant to object on the State's behalf when the jury charge fails to require the jury to find an essential element of a greater-inclusive offense, thus resulting in the defendant's *de facto* conviction for a lesser-included offense. The Court accomplishes this by once again, as in *Niles*, converting Appellant's actual issue on appeal into a complaint about the jury charge and then finding a lack of harm to Appellant stemming from this manufactured jury-charge error. But if there was truly jury-charge error in the case, it was only error from the State's perspective, not Appellant's. And the State forfeited

any such error by failing to raise it in a timely manner when the guilt phase instructions were presented to the jury. As in *Niles*, I respectfully dissent.

### SUBSECTION 49.04(d) OF THE PENAL CODE: ELEMENTAL?

Appellant was charged with a first-time driving-while-intoxicated offense, but it was also alleged that he had a breath-alcohol concentration (BAC) of greater than 0.15, under Subsection (d) of the DWI statute. TEX. PENAL CODE § 49.04(d). The Court today assumes, without ultimately deciding, that this aggravating fact is an element of a Class A misdemeanor DWI offense rather than a punishment-enhancement provision of a base Class B misdemeanor DWI offense, such that it must be proven at the guilt phase of trial. Majority Opinion at 8–9. So far, so good.

But I would go beyond merely assuming this to be so. Subsection (d) bears at least three of the hallmarks of an element of a discrete offense that the Court recognized in *Oliva v. State*, 548 S.W.3d 518 (Tex. Crim. App. 2018). First, as the Court today acknowledges, it constitutes a circumstance of the offense on trial, which the Court said in *Oliva* "would be a factor in favor of construing the statutory aggravating fact as an element of the offense." Majority Opinion at 9 & n.16 (citing *Oliva*, 548 S.W.3d at 530). Second, Subsection (d) says that when the defendant's BAC exceeds 0.15, "the offense is a Class A misdemeanor"—not merely that it should be "punished" as a Class A misdemeanor. *Oliva* regarded this as a relevant (albeit not always determinative) factor in deciding whether an aggravating fact is elemental. *Oliva*, 548 S.W.3d at 526, 531. In my view, it militates in favor of the conclusion that the 0.15 BAC aggravator is elemental in this case, particularly in view of the third relevant consideration: that Subsection (d) appears in the

same section of the Penal Code that defines the base offense of driving while intoxicated, rather than in a separate section devoted more generally to the enhancement of punishment, such as Section 49.09, which is enumerated "Enhanced Offenses and Penalties." Thus, it is not "separated from provisions that more obviously prescribe elements of an offense." *Oliva*, 548 S.W.3d at 531.

Not all of the *Oliva* considerations militate this way. It is true that Subsection (d) begins with the phrase, "[i]f it is shown on the trial of an offense under this section . . .," which *Oliva* characterized as more typically the hallmark of a punishment-enhancement provision than an element. *See id.* at 527 (noting that this phrase is "strongly associated with punishment enhancements"); *Holoman v. State*, 620 S.W.3d 141, 145 (Tex. Crim. App. 2021) (noting *Oliva*'s observation that this phrase more typically identifies punishment-phase issues then elements). Nevertheless, on balance, I agree with the court of appeals' conclusion that Subsection (d) of Section 49.04 defines an element of the Class A misdemeanor offense of driving while intoxicated.[1] *Van Do v. State*, ___ S.W.3d ___,

---

[1] The concurring opinion relies on *Wilson v. State*, 772 S.W.2d 118, 123 (Tex. Crim. App. 1989), to argue that the 0.15 BAC aggravating fact operates as a punishment enhancer rather than an element of a greater-inclusive offense. Concurring Opinion at 6. I disagree. The language of the subsection of the prior DWI statute that was at issue in *Wilson* is quite distinguishable. *Wilson*, 772 S.W.2d at 121 & APPENDIX at 124. Subsection (b) of the DWI statute operable at that time defined the base offense, using the language: "[a] person commits an offense if . . . ". Each of the next three subsections, (c), (d), and (e), appearing thereafter declared that "the offense is punishable by" a certain range of punishment. And the provision specifically in issue in *Wilson*—Subsection (f)—operated to raise the mandatory minimum punishment if, "as a direct result of the offense another person suffered serious bodily injury[.]" *Id.* at 124. It seems to me that these ensuing subsections defined the ranges of punishment for a single base offense; they did not define discrete offenses. Subsection (d) of Section 49.04—at issue in this case—in contrast, prescribes that "the offense is" a Class A misdemeanor when the extra element of a 0.15 BAC is added to the mix.

No. 14-18-00600-CR, 2020 WL 1619995, at *4 (Tex. App.—Houston [14th Dist.] Apr. 2, 2020). Thus, it must be proven up at the guilt phase of trial. It is not merely an aggravating fact that renders a base-Class B misdemeanor punishable as if it were a Class A misdemeanor, but which may be proven at the punishment phase of trial.

## DID THE STATE EVER JOIN ISSUE?

The Court also assumes that this case is controlled by *Niles*—that is to say, the Court assumes that *Niles* controls unless there is merit to Appellant's argument that his case is distinguishable because, unlike in *Niles*, the State here failed even to join issue on the element that served to elevate the offense to a higher level. Majority Opinion at 9. Here, the State did not include the 0.15 BAC element when it arraigned Appellant before the jury at the outset of the guilt phase of trial. The Court expends the bulk of its analytical energies rejecting the merits of this purported distinction. *Id*. at 9–18.

Essentially what the Court says, as I understand it, is that when the State is "late" in joining issue, that constitutes trial error that is subject to a sort of curative-harm analysis. *Id*. at 10. When the State joins issue "late," but then reintroduces all of its relevant evidence after it has belatedly joined issue, the error is "cured." *Id*. at 11. Moreover, the error is subject to principles of procedural default, so that the defendant must complain that the State joined issue tardily if he ever expects to complain about the error on appeal. *Id*. That is all very well and good when the State's failure to join issue on an essential element is merely "late" in coming at the guilt phase of trial.

But here, the State's failure to join issue was not merely "late." It came (if it can be said to have come at all) only after the guilt phase of trial was over and the jury had already

convicted Appellant of nothing more than the lesser-included offense of Class B-misdemeanor first-time DWI. So far as I know, we have never said that the State may wait to join issue on an essential element of the offense until after the jury has returned its verdict at the guilt phase of trial and the State has proceeded to prosecute its punishment case! *See Holoman*, 620 S.W.3d at 145 (affirming the court of appeals' judgment modifying the trial court's judgment to show conviction only of the lesser-included offense when the State delayed proving an element of the greater-inclusive offense until the punishment phase of trial). I do not think we are still talking about mere guilt-phase trial error under these circumstances.

In any event, I do not believe the result of this case should turn on the question of when (if ever) the State joined issue on the 0.15 BAC element. As far as I am concerned, even if the State somehow timely joined issue at the guilt phase of trial, it effectively abandoned the BAC element (and thus, its right to a conviction on the greater-inclusive offense) when it failed to object to its omission from the jury charge at the guilt phase of trial. In other words, I dissent to the Court's resolution of this case on the same basis that I dissented in *Niles* itself, which I would overrule with dispatch.

## IS THIS CASE REALLY ABOUT JURY CHARGE ERROR?

Appellant did not argue that there was jury charge error at the guilt phase of trial in his brief on direct appeal. He argued that the trial court erred to enter a judgment of conviction against him for the Class A misdemeanor offense when the jury's verdict authorized conviction for no greater than the Class B misdemeanor offense. The court of appeals only converted that into a jury-charge issue essentially because this Court had done

so under comparable circumstances—over my vociferous dissent—in *Niles*. *Van Do*, 2020 WL 1619995, at *5. But Appellant had no cause to object to the trial court's guilt-phase instruction, which only authorized conviction for the lesser-included offense. If the State desired to avoid an appellate claim that the resulting jury verdict did not authorize assessment of a one-year jail term, and that such a term of punishment was illegal, it had an obligation itself to object to the omission in the jury charge. *See Niles*, 555 S.W.3d at 576–77 (Yeary, J., dissenting) ("The Appellant cannot reasonably have been expected to level such an objection—for all he knew, the State's failure to object manifested a deliberate abandonment of the greater offense. * * * It seems anomalous to me . . . that we should allow the State to convert Appellant's true point of error on appeal into a claim of jury charge error *that the State did nothing within its power at trial to prevent*.").

That the State did *not* object at trial only reflects that it misjudged whether the 0.15 BAC aggravator was an element of the offense or simply a punishment issue. The Court grievously errs in continuing to hold—as it did in *Niles*—that it is Appellant who must suffer the consequence of such a manifest misjudgment on the State's part—here, a deprivation of Appellant's Sixth Amendment right to a jury finding on an essential element of the greater-inclusive offense. To compound its error, the Court further fails to regard such an error (if there even is one) as structural—if not for federal constitutional purposes, then at least as a matter of appellate review under our own state constitution. *See id*. at 577–78 & n.13 (Yeary, J., dissenting) (quoting the late Justice Scalia's dissenting opinion in *Neder v. United States*, 527 U.S. 1, 34 (1999), for the proposition that "[h]armless-error

review applies only when the jury *actually renders* a verdict—that is, when it has found the defendant guilty of all the elements of a crime.").

We should treat Appellant's appellate claim for what it purports on its face to be and for what it truly is: a claim that his one-year jail sentence was illegal, since he was convicted only of a Class B misdemeanor, subject to no greater penalty than "confinement in jail for a term not to exceed 180 days[.]" TEX. PENAL CODE § 12.22(2). By that reckoning, the court of appeals resolved the case in exactly the right way when it modified the trial court's judgment to reflect conviction for the Class B misdemeanor and remanded the case to the trial court for a new punishment proceeding. *Van Do*, 2020 WL 1619995, at *8. Though I would not endorse its analysis—misguided as it was by this Court's opinion in *Niles*—I would nevertheless affirm the court of appeals' ultimate judgment and disposition of the case. Because the Court does not, I respectfully dissent.


FILED:                    September 29, 2021
PUBLISH