ACCEPTED
14-14-00780-CR
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
3/19/2015 4:11:33 PM
CHRISTOPHER PRIN
CLERK

## No. 14-14-00780-CR

### In The Fourteenth Court Of Appeals Of The State of Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 4:11:33 PM
CHRISTOPHER A. PRINE
Clerk

### Norma Jean Sanchez
*Appellant*

v.

### The State of Texas
*Appellee*

On Appeal in Cause Number 1399973
From the 351st District Court of Harris County, Texas
Hon. Mark Kent Ellis, Judge Presiding

### Brief in Support of Motion to Withdraw

Oral Argument waived

**Alexander Bunin**
Chief Public Defender
Harris County, Texas

**Bob Wicoff**
Assistant Public Defender
Bob.Wicoff@pdo.hctx.net
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

Appellant

Norma Jean Sanchez
TDCJ # 01958410
Crain Unit
1401 State School Road
Gatesville, Texas 76599-2999

Presiding Judge

Hon. Mark Kent Ellis
351st District Court
Harris County, Texas
1201 Franklin Street
14th floor
Houston, Texas 77002

Trial Prosecutor

Kristin Assaad
Assistant District Attorney
Harris County, Texas
1201 Franklin Street
6th floor
Houston, Texas 77002

Defense Counsel at Trial

Juan Jose Aguirre
Attorney at Law
1919 N. Loop West
Suite 310
Houston, Texas 77008

Defense Counsel on Appeal

Bob Wicoff
Assistant Public Defender
Harris County, Texas
1201 Franklin Street
13th floor
Houston, Texas 77002

i

# Table of Contents

                    **Page**

Identity of Parties and Counsel:          i

Table of Contents:          ii

Index of Authorities:          iii-iv

Statement of the Case:          v

Issue Presented:          v

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation

Statement of Facts:          1

Summary of the Argument:          2

Argument:          3

Prayer:          16

Certificate of Service:          17

Certificate of Compliance:          17

# Index of Authorities

**Cases**                                                                                                               **Page**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................. *passim*

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005)........................................................ 5

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974)......................................................... 4

*Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009) ....................................................... 5

*Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997)...................................................... 15

*High v. State*, 573 S.W.3d 807 (Tex. Crim. App. 1978)........................................................... 4

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008)....................................................... 3

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988).............................. 3

*Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.) ................ 5

*Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)_... 8

*Randon v. State*, 178 S.W.3d 95 (Tex. App.-Houston [1st Dist.] 2005, no pet.)…….. 13

*Robinson v. State*, 844 S.W.2d 925 (Tex. App.-Houston [1st Dist.] 1992, no pet.)….. 11

*Smith v. State*, 227 S.W.3d 753 (Tex. Crim. App. 2007)........................................................ 14

*Sowells v. State*, 45 S.W.3d 690 (Tex. App.-Waco 2001, no pet.)…………………… 3

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).................................................. 4, 5

*Stephens v. State*, 35 S.W.3d 770 (Tex. App.-Houston [1st Dist.] 2000, no pet.).............. 15

*Wood v. State*, 260 S.W.3d 146 (Tex. App.-Houston [1st Dist.] 2008, no pet.) 13

*Wiggins v. Smith,* 539 U.S. 510 (2003)……………………………………......... 13

# Index of Authorities (cont'd)

*Zuniga v. State*, No. 01-11-01124-CR, 2013 WL 485806       12
(Tex. App.-Houston [1st Dist.], Feb. 7, 2013, pet. ref'd)(mem. op., not
designated for publication)

**Statutes**

TEX. PENAL CODE ANN., sec. 12.42(b)       11

TEX. PENAL CODE ANN., sec. 22.02(a)(2)       v, 6

TEX. PENAL CODE ANN., sec. 22.02(b)       11

TEX. PENAL CODE ANN., sec. 22.02(b)(1)       6

TEX. CODE CRIM. PROC. ANN., art. 1.15       12

TEX. CODE CRIM. PROC. ANN., art. 26.13       8-9

TEX. CODE CRIM. PROC. ANN., art. 42.12, sec. 3       7

TEX. CODE CRIM. PROC. ANN., art. 42.12, sec. 4(d)(3)       7

TEX. CODE CRIM. PROC. ANN., art. 42.12, sec. 4(e)       8

## STATEMENT OF THE CASE

The Appellant was indicted for aggravated assault, by causing bodily injury while using a deadly weapon, the offense alleged to have occurred on or about September 1, 2013 (C.R. at 23); *Tex. Penal Code Ann.*, sec. 22.02(a)(2). The indictment contained two enhancement allegations (C.R. at 23). On July 10, 2014, the Appellant entered an open plea of guilty and the case was reset pending the completion of a presentence investigation (C.R. at 38). The State abandoned the second enhancement paragraph and the Appellant pled true to the remaining one, which meant that the punishment range of a second-degree felony was enhanced once, resulting in the punishment range for that of a first-degree felony (C.R. at 85). On September 18, 2014, following a sentencing hearing, the trial court sentenced the Appellant to thirty (30) years in prison for aggravated assault (C.R. at 90). There was a finding of a deadly weapon (C.R. at 122). There was no motion for new trial.

### Issue Presented

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation**

No one testified at the sentencing hearing. The Presentence Report, which was introduced into evidence by the State without objection (as State's exhibit 2), contains the following information, which by is apparently summarized from the police report:

I.     PRESENT OFFENSE

A.  Police/Court Information

The following is a summarized version of Harris County Sheriff's Office offense report number 13-121155:

On Sunday, September 1, 2013, Deputies M. Kirksey and D. Garza were dispatched to 1108 Freeport, in response to a report of an aggravated assault.

Upon arrival, deputies observed defendant Norma Jean Sanchez exiting front of business, El Festival Supermarcado. The defendant matched the description given by the reportee as the person involved in an aggravated assault in progress call.

The defendant was detained for investigatory reasons and without incident, the defendant was searched and Delputy Kirksey found a long kitchen knife in the back of her waist band, inside her jeans. The defendant was placed in the rear seat of the patrol unit and the defendant was identified on the scene.

Deputy Kirksey met with witness Loralinda Garcia and Carlos Garcia, who stated they were heading home from shopping at Wal-Mart and observed an unknown white female, waving a knife at an unknown Hispanic male parking lot of the Bi-Rite Supermarket. Witness Loralinda stated she pulled into the El Festival Supermarcado parking lot and continued to observe the defendant.

Witnesses observed the defendant standing at the intersection of Renult and Freeport, blocking traffic. Witness Loralinda stated something was not right and she immediately called 911 for police assistance. Witness

Loralinda stated the defendant left the roadway and walked into the El Festival Supermarcado. Complainant Leonardo Rico returned to the scene and Deputy Kirksey observed a red liquid substance on his right wrist.

Complainant Rico advised he exited the Bi-Rite Supermarket and was headed to his vehicle and defendant Sanchez was in the parking lot and asked him for help. He stated he assumed the defendant was in need of emergency assistance and walked over to her. Complainant Rico walked over to the defendant and she pulled out a long kitchen knife from her waist band and attempted to stab him in his abdomen. Complainant Rico stated he raised his right arm in a reactionary defensive posture and deflected the long kitchen knife with his wrist. Mr. Rico stated he became fearful for his life, ran to his truck and departed the scene.

Mr. Rico stated he sustained a cut to his right wrist when he deflected the long kitchen knife used by the defendant when she attempted to stab him.

Deputy Kirksey contacted the Harris County District Attorney's Office and spoke with ADA Paaso and she accepted charges of aggravated assault on defendant Norma Jean Sanchez (2 R.R.: State's exhibit 2-PSI Report).

## SUMMARY OF THE ARGUMENT

The undersigned has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation. Therefore, the undersigned moves to withdraw from representing the Appellant and has filed, simultaneously with this brief, a motion to withdraw.

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation**

## Argument

### A. *Anders* briefs generally

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that such a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). A reviewing court must resolve doubtful issues in the appellant's favor. *Id.* In the brief which accompanies his motion to withdraw, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State,* 45 S.W.3d 690, 691 (Tex.App.-Waco 2001, no pet.). The brief must contain references to anything in the record that

might arguably support the appeal, even though counsel believes that the appeal is frivolous. *Anders v. California, supra*; *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra*; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready references to the record." *Stafford v. State, supra at 510 n.3*; *High v. State, supra.* Conclusory statements in the brief are insufficient. *Anders v. California, supra*; *High v. State, supra*; *Currie v. State, supra.*

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a *pro se* brief. Counsel must certify or otherwise show the appellate court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After appellant has himself raised the points that he wishes to raise, or the time has passed for him to do so, the appellate court must conduct an independent

examination of the proceedings and determine whether the appeal is wholly frivolous. *Anders v. California, supra; Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.). If the court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Garner v. State,* 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Although a reviewing court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. *Id.,* at 767. If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *See Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The appellate court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. *Anders v. California, supra; Stafford v. State, supra.* An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe, supra,* at 827-828, fn 6.

## B. The appeal in this case is frivolous

The undersigned has evaluated the record from this case with the help of the useful "Anders Guidelines" posted on the website of the Fourteenth Court of Appeals. *See* http://www.14thcoa.courts.state.tx.us/pdf/AndersGuidelines.pdf.

- 5 -

**1. Sufficiency of the indictment or misdemeanor information**

The elements of assault under Tex. Penal Code, § 22.01(a)(1) are:

1. A person
2. intentionally, knowingly, or recklessly
3. causes bodily injury to another, including the person's spouse.

The elements of aggravated assault under Tex. Penal Code, § 22.02(a)(2) are:

1. A person
2. commits assault as defined in Section 22.01, and
3. uses or exhibits a deadly weapon during the commission of the assault.

The indictment in the instant case alleges each element prescribed by the statute (C.R. at 23). The trial court made a deadly weapon finding (C.R. at 90; 1 R.R. at 10).

There is nothing incorrect about the indictment, or which would suggest that it should have been challenged in the trial court by counsel. The indictment does properly allege all of the elements of an aggravated assault with a deadly weapon. Further, the enhancement allegations are properly pled, alleging two prior aggravated assault cases.

**2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial**

The Clerk's Record contains some boilerplate motions filed by the defense, but apparently not presented for a ruling by the trial court (Motion to Have Official Court Reporter Make a Full Record (C.R. at 47); Request for Notice of State's Intention to Use Evidence of Extraneous Offenses at Trial (C.R. at 50); Motion to Prevent State From Reading or Alluding to Nonjurisdictional Enhancement Court at or Before

Guilt/Innocence Phase (C.R. at 52); Motion in Limine (C.R. at 55); Motion for Discovery (C.R. at 60); Motion for Discovery of Exculpatory and Mitigating Evidence (C.R. at 70); Motion for Defendant to Appear in Personal Clothing and Without Restraints (C.R. at 73); Motion Invoking "The Rule" (C.R. at 76); Motion to Arraign Defendant Outside the Presence of the Jury (C.R. at 78)). Most of these motions were obviously relevant to trial, which did not take place. The discovery motions were rendered moot due to the filing of various notices by the State (C.R. at 27, 28, 29, 31, 33). In any case, it is not apparent that any other motions were advisable. As stated *supra*, the indictment contained nothing which suggested a motion to quash, as it alleged all the requisite elements of the offense.

As to limitations and speedy trial issues, there were none. The offense occurred on September 1, 2013 (C.R. at 23). The case was indicted on October 25, 2013, about two months later (C.R. at 23). The Appellant pled guilty on July 10, 2014, after several resets and a competency evaluation (C.R. at 38). She was sentenced about two months later, on September 18, 2014 (C.R. at 90). Thus, everything moved at a typical speed once the Appellant was arrested, and there were certainly no limitations or speedy trial issues. As for other possible pre-trial motions, the undersigned has detected no other pre-trial motions that were advisable in this case. Counsel for the Appellant did not file a Motion for Community Supervision, but in a plea to the trial court, failure to file such a motion does not preclude the grant of community supervision. Compare Tex. Code Crim. Proc. Art. 42.12, sec. 3 ("Judge Ordered Community Supervision")(which

does not require the filing of a motion to be eligible) with Tex. Code Crim. Proc. Arts. 42.12, sec. 4(d)(3) and 4(e) ("Jury Recommended Community Supervision")(which does require, in order to be eligible for community supervision, that the Defendant first file a sworn motion as to his eligibility). In any case, the Appellant had many prior convictions and was indicted as an habitual offender, so while theoretically she was eligible for community supervision, it was an unlikely prospect.

This appears to have been a situation where there was little to work with on guilt-innocence and the defense strategy was to admit guilt and seek the lightest punishment by admitting to the offense.

**3. Compliance with Texas Code of Criminal Procedure 26.13 and, if appropriate, *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)**

In *Padilla v. Kentucky*, the U.S. Supreme Court held that the Sixth Amendment requires defense counsel to provide affirmative, competent advice to noncitizen defendants regarding immigration consequences of guilty pleas and that absence of such advice may be a basis for a claim of ineffective assistance of counsel. *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

The pre-sentence investigation report suggests that the Appellant was born in Houston (2 R.R. at State exhibit 2, page 8). Thus, she enjoys United States citizenship. Further, at the plea colloquy, the trial court admonished her of the possible immigration consequences of her guilty plea (C.R. at 84).

With respect to Tex. Code Crim. Proc. Ann., article 26.13 ("Plea of Guilty"), written or oral admonishments were given to the Appellant by the trial court, and her response, either orally or in writing, indicated her understanding of the following:

a. **Range of punishment**. Tex. Code Crim. Proc. Ann. 26.13(a)(1). The Appellant initialed a paragraph admonishing her that the offense she was pleading guilty to, enhanced by one prior felony conviction, was 5-99 years or life (C.R. at 40-41). The court orally admonished her of the same, to which she indicated her understanding (C.R. at 85);

b. **Admonishment regarding the fact that any recommendation of punishment by the prosecutor is not binding on the court, but that if the court chose to reject the agreement, the defendant could withdraw his guilty plea.** Tex. Code Crim. Proc. Ann. 26.13(a)(2). The plea was entered without any recommendation of punishment, so such admonishment was irrelevant in this case.

c. **Admonishment that if the punishment assessed by the court did not exceed the punishment recommended by the prosecutor, the trial court must give its approval before any appeal could be undertaken (except for matters raised by written motions filed prior to trial).** Tex. Code Crim. Proc. Ann. 26.13(a)(3). The plea was entered without any recommendation of punishment, so such admonishment was irrelevant in this case.

d. **Admonishment informing the defendant that if he is not a U.S. citizen, his plea of guilty or nolo contendre could result in deportation.** Tex. Code Crim. Proc. Ann. 26.13(a)(4). As stated *supra*, the Appellant was a U.S. citizen. (2 R.R. at State exhibit 2, page 8). Further, at the plea colloquy, the trial court admonished her of the possible immigration consequences of her guilty plea (C.R. at 84).

e. **Admonishment concerning sex offender registration for certain offenses.** Tex. Code Crim. Proc. Ann. 26.13(a)(5). There was no such admonishment, but aggravated assault does not carry such consequences.

From the above, it is clear that the trial court provided the admonishments necessary under Tex. Code Crim. Proc. Ann. 26.13(a)(1)-(5), and that the Appellant indicated that she understood each of them.

**4. Whether the issue of competency was raised prior to sentencing, so as to warrant any inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.**

The Appellant's competency was raised in this case. A competency evaluation was undertaken of the Appellant on October 8, 2013 and a written report was made part of the record (C.R. at 18-22). The report contains an extensive accounting of the Appellant's background, clinical observations by Jon Brown, Psy.D., and a conclusion that although the Appellant did exhibit a mental illness, it was not the kind of mental incapacity that rendered her incompetent (C.R. at 22). At the plea colloquy, the trial court inquired of the Appellant if she had any mental health problems, to which she responded that she did (C.R. at 83). The trial court then asked the Appellant for her diagnosis and further inquired of defense counsel if he believed that the Appellant was competent, to which counsel replied that he believed she was (C.R. at 84).

The Presentence Investigation Report states, under the "health" section:

> Mental health: The defendant reported she was diagnosed in 1999, with manic depression and schizophrenia and received psychiatric and psychological counseling or treatment (Unverified).

> According to the Harris County Special Needs Response Form, defendant Sanchez was diagnosed on September 2, 2007, with Axis 1 — Intermittent Explosive Disorder and Axis 4 — Prob with Interaction with Legal. On May 10, 2011, she was diagnosed with Axis 1 — Schizoaffective Disorder and Axis 2 —Antisocial Personality D/O. On September 2, 2013, the defendant was diagnosed with Axis 1 — Bipolar I MRE Mixed, Moderate. (2 R.R. at State's exhibit 2, page 10)

Despite the compelling mental health issues which clearly plagued the Appellant, on the issue of competency, an inquiry into her competency was made, an investigation followed, and the facts surrounding her mental health history were made known to the sentencing authority, the trial court.

**5. Whether the appellant's plea was freely and voluntarily made.**

The written plea papers and the colloquy with the trial court do not reflect any apparent confusion by the Appellant as to the nature of the proceedings.

**6. Any adverse rulings during the sentencing hearing on objections or motions.**

Counsel for the Appellant did not object to introduction of the presentence report (1 R.R. at 4), but there was no obvious reason to. There were no other objections, either during the guilty plea proceedings or at the sentencing hearing, but again, there was nothing that suggests an objection was called for.

**7. Any failure on the part of appellant's trial counsel to object to fundamental error.**

It is unclear what "fundamental error" could have existed in this case. The indictment was correctly pled and the undersigned has certainly not detected any other errors to which an objection should have been posed.

**8. Whether the sentence imposed was within the applicable range of punishment.**

Aggravated assault as it was pled in this case was a second-degree felony, pursuant to Tex. Penal Code Ann., § 22.02(b). The Appellant pled true to the previous felony conviction alleged for enhancement, making the punishment range 5-

- 11 -

99 years and the possibility of a fine not to exceed $10,000.00. *See* Tex. Penal Code Ann., § 12.42(b). Therefore, the thirty-year punishment which was assessed was within the applicable range of punishment.

**9. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**

The written judgment accurately reflects a conviction for "agg assault w/deadly weapon," and lists such offense as a second-degree felony (C.R. at 90). This is accurate. The judgment reflects the 30 year sentence. As to credit for time served, the judgment reflects that the Appellant was to be credited for the time period of 9/1/2013 until the date of sentencing, 9/18/2014. This is consistent with the Appellant's having been arrested on the day of the offense in 2013, and being credited for all time spent until and including the date of sentencing.

**10. Whether there is evidence to support a guilty plea in a felony case.**

Article 1.15, Tex. Code Crim. Proc. Ann., provides that the State offer sufficient proof to support any judgment based upon a guilty plea before the court. It is unclear whether the plea papers, usually introduced to support the plea, were ever introduced in this case. However, the PSI, which was admitted as State's exhibit 2, contains the Appellant's version of events, which includes an admission that she stuck the complainant with a knife. (2 R.R. at State's exhibit 2 at pages 5-6). Thus, there was some evidence to support the guilty plea. *See Zuniga v. State*, No. 01-11-01124-CR, 2013 WL 485806 (Tex. App.-Houston [1st Dist.], Feb. 7, 2013, pet. ref'd)(mem. op.,

not designated for publication)(where community supervision file was admitted into evidence without objection, such "other evidence" was enough to support guilty plea).

**11. Examination of the record to determine if the appellant was denied effective assistance of counsel.**

There is no suggestion from the record that counsel's performance was deficient in a manner that can be raised on direct appeal. No evidence or witnesses was offered by the defense at punishment. While this does raise the question of whether counsel undertook the required investigation into possible mitigation of punishment, the competency evaluation, as well as the Appellant's own statement in the P.S.I. report, makes the mitigating facts surrounding her case apparent to the trial court (2 R.R. at pages 5-6 of P.S.I. report). A failure to uncover and present mitigating evidence cannot be justified as a tactical decision when defense counsel have "not 'fulfill[ed] their obligation to conduct a thorough investigation of the defendant's background.' " *Wiggins v. Smith,* 539 U.S. 510 (2003)(quoting *Williams v. Taylor,* 529 U.S. 362 (2000)). However, whether counsel did conduct a thorough investigation in this case, and whether there was any mitigating evidence to be had beyond what was presented via the P.S.I and reflected in the competency report is a matter of conjecture with the record that is available. For example, the absence of any additional character reference letters in the P.S.I. may be because counsel didn't seek them, but it may be because despite asking for them, no one was willing to participate.

As has been frequently noted, the record on direct appeal in ineffective assistance of counsel cases rarely provides the reviewing court an opportunity to conduct a fair evaluation of the merits. *Randon v. State*, 178 S.W.3d 95, 102 (Tex. App.-Houston [1st Dist.] 2005, no pet.). A reviewing court cannot speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *See Wood v. State*, 260 S.W.3d 146, 148 (Tex. App.-Houston [1st Dist.] 2008, no pet.).

Several extraneous offenses committed by the Appellant were included in the PSI report (2 R.R. at pages 2-4). In terms of taking steps to bar consideration of the extraneous offense, if indeed there was any way to do so, it should be remembered that a presentence investigation report does not necessarily have to establish beyond a reasonable doubt that the defendant is responsible for extraneous misconduct before a court may consider it in assessing punishment. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). In any event, these extraneous offenses were all related to prior convictions (see C.R. at 31), and they were admissible for consideration at the punishment stage of the proceedings.

Therefore, there is no meritorious ground to be raised on direct appeal as to possible ineffective assistance as to the sentencing phase.

### C. The Appellant has been provided with a copy of the complete appellate record and a copy of the motion to withdraw

A copy of the entire appellate record (which consists of four volumes of the Reporter's Record, as well as one volumes of the Clerk's Record) has been sent to the Appellant at his current address, which is:

> Norma Jean Sanchez
> TDCJ # 01958410
> Crain Unit
> 1401 State School Road
> Gatesville, Texas 76599-2999

The undersigned has also sent a letter with the copy of the record, explaining further the import of this brief and how the Appellant might pursue issues on an 11.07 writ that cannot be raised on direct appeal. A copy of this brief is also being sent to the Appellant, as is the attached Motion to Withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and *Stephens v. State*, 35 S.W.3d 770, 771 (Tex. App.-Houston [1st Dist.] 2000, no pet.)(motion to withdraw pursuant to *Anders* brief is properly directed to the appellate court, not the trial court).

Should this Court grant the undersigned's Motion to Withdraw, the undersigned will inform the Appellant of the result of her appeal and will also inform the Appellant that she may, on her own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

## PRAYER

For the reasons stated above, the undersigned prays that he be allowed to withdraw from representing the Appellant in this case, and that the Appellant be given the opportunity to file her own brief.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

**/s/Bob Wicoff**
**Bob Wicoff**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th floor
Houston Texas 77002
(713) 274-6781
TBA No. 21422700

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing brief was sent through the efile system to the Harris County District Attorney's Office on the 19th of March, 2015.

/s/ Bob Wicoff
Bob Wicoff

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the length requirements of Tex. R. App. P. 9.4(i). Specifically, the foregoing brief contains a total of **3,874** words, which is the total word count excluding those matters listed in Tex. R. App. P. 9.4(i)(1).

/s/ Bob Wicoff
Bob Wicoff