**Peter R. WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–06–00321–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 2008.

---

Ray Bass, Georgetown, TX, for Appellant.

Patrick Scott Ballard, Assistant County Attorney, Brenham, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

SAM NUCHIA, Justice.

Appellant, Peter R. Wood, has filed a petition of discretionary review. Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our April 8, 2008 opinion and judgment and substitute this modified opinion and judgment.

Appellant was convicted by a jury of operating a motor vehicle in a public place while intoxicated (driving while intoxicated), enhanced by a prior conviction for the same offense. TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(a) (Vernon Supp.2007). The jury assessed punishment at six months in jail and a $4,000.00 fine, which is a misdemeanor. The county court at law suspended appellant's sentence and placed him on community supervision for 24 months, including 30 days confinement in jail.

Appellant was initially pulled over for speeding. The police officer testified that he saw appellant stagger to the rear of appellant's vehicle and that appellant smelled of alcohol. The office conducted field sobriety tests and concluded that appellant was "highly intoxicated." Appellant refused a breath test and admitted to consuming two beers. The encounter between appellant and the officer was videotaped and shown to the jury during the guilt-innocence phase of trial.

■ Appellant does not challenge the facts related to the offense. Instead, in his sole point of error he contends his trial counsel rendered ineffective assistance by allowing the State to introduce evidence of appellant's prior driving-while-intoxicated offense during the guilt-innocence phase.[1] See TEX.CODE CRIM. PROC. ANN. art. 36.01(a)(1) (Vernon 2007) ("When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."); see also Wilson v. State, 772 S.W.2d 118, 123 (Tex.Crim.App.1989) (holding that former

---

1. This is not a situation in which the jury at the guilt-innocence phase may be informed of the existence of prior convictions for driving while intoxicated because the prior convictions are necessary to establish jurisdiction in the district court for a felony grade criminal case. See, e.g., Martin v. State, 200 S.W.3d 635, 638–41 (Tex.Crim.App.2006).

Revised Statutes article 6701l–1(f) [2] does not create separate offense for driving while intoxicated *and* causing serious bodily injury: offense is for driving while intoxicated, and punishment for that offense is enhanced because defendant caused serious bodily injury); *Will v. State*, 794 S.W.2d 948, 952–53 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd). Appellant filed a motion for new trial, and the trial court set a hearing, but the record does not reflect that the hearing was held.

The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984). *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App.1999) (applying *Strickland* standard at punishment phase of noncapital trial). Appellant must show both that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different, *i.e.*, the error or omission is sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 687–96, 104 S.Ct. at 2064–69. Effective assistance of counsel does not mean errorless counsel. *See Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App.1983). In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson*, 9 S.W.3d at 813.

■ It is the defendant's burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* A "[d]efendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Assertions of ineffective assistance of counsel must be firmly founded in the record. *Bone v. State*, 77 S.W.3d 828, 835 (Tex.Crim.App.2002). We will not speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *See Henderson v. State*, 29 S.W.3d 616, 624 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Gamble*, 916 S.W.2d at 93. However, "in the rare case where the record on direct appeal is sufficient to prove that counsel's performance was deficient, an appellate court should obviously address the claim . . . ." *Robinson v. State*, 16 S.W.3d 808, 813 n. 7 (Tex.Crim.App.2000).

Appellant argues that counsel could have no reasoning or strategy for not objecting. The State admits that reading the enhancement paragraph to the jury during the guilt-innocence phase was improper, but argues that the error was waived. *See Frausto v. State*, 642 S.W.2d 506, 508–09 (Tex.Crim.App. [Panel Op.] 1982); *Hardin v. State*, 951 S.W.2d 208, 211 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (holding that violation of article 36.01(a)(1) is waivable). The State does not address whether counsel may have declined to object due to trial strategy. Instead, the State argues that appellant has not shown that counsel's performance, in its entirety, was deficient.

■ We agree with appellant that his counsel could have no reasoning or strategy for not objecting. Introducing a prior conviction for the same offense during the guilt-innocence phase violated Code of Criminal Procedure article 36.01(a)(1), a statute enacted to prevent the extreme prejudice that almost inevitably results in

2. Act of May 17, 1985, 69th Leg., R.S., ch. 462, § 18, 1985 Tex. Gen. Laws 1624, 1630

(Revised Statutes article 6701l–1(f), since repealed).

 

that situation. *See Frausto*, 642 S.W.2d at 508. Appellant also argues, and we agree, that the evidence of guilt at trial is not overwhelming. Appellant was initially pulled over for speeding, and although he failed field sobriety tests, refused a breath test, and admitted to consuming two beers, the videotape of the arrest does not reveal obvious signs of intoxication. Given the totality of the evidence, it is not possible to predict what the jury as fact finder would have done without the prejudicial admission of the prior conviction. We therefore hold that appellant has met his burden to show there is a reasonable probability that, but for the admission of appellant's prior conviction, the result of the proceedings would have been different.

We hold that appellant's counsel was ineffective and sustain appellant's point of error. We reverse the judgment of the trial court and remand the case for further proceedings pursuant to Code of Criminal Procedure article 44.29(a). Tex.Code Crim. Proc. Ann. art. 44.29(a) (Vernon 2007). Appellant's petition for discretionary review is dismissed pursuant to Texas Rule of Appellate Procedure 50.

Justice KEYES, dissenting.

EVELYN V. KEYES, Justice, dissenting.

I respectfully dissent. I agree with the majority that the introduction of appellant's prior conviction at the guilt-innocence phase of appellant's trial was error. However, I would find that the evidence of appellant's guilt was overwhelming and that the jury could have found beyond a reasonable doubt, on the basis of the evidence adduced at trial, that appellant was driving while intoxicated, without consideration of the prior conviction. Therefore, because appellant's prior conviction for

DWI was admissible at the punishment phase under article 36.01(a)(1) of the Texas Code of Criminal Procedure [1] and because I believe only appellant's punishment was affected by the premature introduction of the evidence of appellant's prior conviction, I would hold that appellant has not shown that the result of his trial would have been different but for his counsel's error. Therefore, he has not satisfied the second prong of *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984).

I would hold that appellant's trial counsel was not ineffective for failing to object to the State's introduction of evidence of appellant's prior DWI conviction during the guilt-innocence phase. I would affirm the judgment of the trial court.

1. *See* Tex.Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon 2007).