Opinion issued January 5, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00899-CR and 01-10-00900-CR

———————————

Dan Wortham, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 182nd District Court

Harris County, Texas



Trial Court Case No. 1276557 and 1135810

 



 

MEMORANDUM OPINION

          A
jury convicted Dan Wortham of two offenses of
aggravated sexual assault of a child under the age of fourteen[1] and sentenced him to ten
years’ confinement for each offense, with a recommendation
for community supervision. In two issues, Wortham
complains that the trial court erred by admitting hearsay evidence and that he
did not have effective assistance of counsel at trial because his trial counsel
failed to limit the “outcry” hearsay evidence admitted and to object to
inadmissible hearsay evidence regarding an extraneous offense. We affirm.

Factual Background

          The
jury found that Wortham sexually abused his
step-daughter, L.F. After L.F. moved to Washington to live with her father, she
told a friend’s mother, Jennifer, about the abuse. L.F. later told her
step-mother, Heather, who informed L.F.’s father. He called the police. The
State charged Wortham with two counts of aggravated
sexual assault of a child. At trial, the State’s case included testimony from L.F.,
Heather, Jennifer, and Deputy B. Folsom, who investigated the matter in
Washington. 

          In
her testimony, L.F. described the progressive nature of the abuse, which began when
she was five or six years old. She testified that it usually occurred in the
living room, on the couch. She recounted that Wortham
would begin tickling her and then progress to touching her. She stated that Wortham would pull down her underwear or place his hand
inside them to touch her vagina. She testified that he touched her inside of
her vagina and that he touched her breasts once she started to develop breasts.
She testified that the abuse occurred nearly every other weekend, when she visited
her mother’s house. The abuse was so frequent that she was unable to describe every
incident. 

According to L.F., the abuse
changed over time. Wortham began placing his mouth on
her vagina, instead of only using his fingers, and later attempted to place his
penis in her vagina. She testified that when he attempted intercourse, she
would turn away or try to stop him, and he would then stop. She testified that
as she got older, she began to realize that what was
happening should not be happening, stating that she would feel “disgusted” and “gross”
and would cry. 

She also testified about revealing
her sexual abuse to the mother of a friend, Jennifer, and a few months later,
to her step-mother, Heather. She described these conversations as not involving
details about the abuse. She testified about her interviews with Deputy Folsom,
stating that they were difficult for her because she had never disclosed the
details of the abuse to anyone. Wortham’s counsel
cross-examined L.F. extensively about her recollection of events and her
conversations with Jennifer, Heather, and Deputy Folsom. He questioned her
about perceived variances in her recollection of the events and about details
or events she revealed later but did not mention in her interview with Deputy
Folsom.

Jennifer testified that L.F.
revealed to her that she had been sexually abused by her step-father and began
to cry uncontrollably. Jennifer stated that L.F. was too upset to provide any
additional details about the abuse. Wortham’s counsel
did not object to this testimony. 

Heather also testified about the
conversation in which L.F. disclosed the sexual abuse to her. L.F. told Heather
that Wortham had been touching her but did not reveal
any specific details. Wortham’s counsel made no
objection to this testimony.

          After
L.F.’s father contacted the police, Deputy Folsom conducted two interviews with
L.F. He testified in detail about those interviews. L.F. was fifteen at the
time of the interviews. She told Deputy Folsom that the abuse began when she
was between four and six, with Wortham touching her
on spots he was not supposed to touch—her breasts and vagina. She said that this would occur in different
places in the house, including the living room couch, and that she was usually
under a blanket when it happened. Deputy Folsom testified that L.F. told him that
this was happening almost every weekend she spent with her mother and
step-father. She described her step-father placing his mouth on her vagina and
showing her his penis. Deputy Folsom further testified that L.F. told him that
the abuse began to escalate the summer she stayed with her step-father in
Austin, Texas. Wortham began to try to have
intercourse with her. She told Deputy Folsom that Wortham
tried to place his penis in her vagina, but it hurt. She said that she would
ask Wortham to stop or would turn away, and sometimes
he would leave her alone after that. Other times, he would continue to place
his mouth on her vagina. She also told Deputy Folsom that this happened when
they visited her step-father’s mother in Wimberly,
Texas. Deputy Folsom testified that, upon prompting, L.F. stated that Wortham penetrated her vagina with his finger. She said
that this all occurred before she was twelve. Deputy Folsom testified that she
said Wortham continued to try to have sex with her
more and more. She described the last incidence of abuse to Deputy Folsom,
which involved Wortham placing his mouth on her
vagina, as occurring when she was approximately fourteen. Deputy Folsom also
testified that L.F. told another deputy that she and Wortham
had intercourse. Wortham’s trial counsel did not
object to Deputy Folsom’s hearsay testimony.

          The
jury found Wortham guilty on both counts of aggravated
sexual assault of a child under the age of fourteen and sentenced him to ten years’
confinement on each count. The jury found that Wortham
had never been convicted of a felony before and recommended community
supervision of the sentence.

Admissibility of Outcry Testimony

A.      Standard of review

          Generally,
a trial court’s decisions as to the reliability of outcry testimony and whether
such testimony is admissible under article 38.072 are reviewed for an abuse of
discretion. Carty v. State, 178
S.W.3d 297, 305 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).
Article 38.072’s procedural requirements, however, are mandatory rather than
discretionary. Long v.
State, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990).

B.      Wortham failed
to preserve error at trial

          The
testimony offered from Jennifer, Heather, and Deputy Folsom regarding L.F.’s
statements to them is hearsay—out-of-court
statements offered in evidence to prove the truth of the matter asserted. See Tex.
R. Evid. 801. Hearsay testimony is generally
inadmissible at trial. See Tex. R. Evid.
802–803. The Code of Criminal Procedure, however,
creates an exception to this general rule. See
Tex. Code Crim. Proc.
Ann. art. 38.072 (West 2011). Under certain circumstances, witnesses
are permitted to testify as to “outcry” statements made to them by the victim. See id. Wortham
does not deny that the outcry testimony from Jennifer, Heather, and Deputy
Folsom falls within article 38.072’s hearsay exception. Instead, he asserts
that the trial court erred in admitting the testimony because the State did not
comply with article 38.072’s procedural requirements for invoking the exception
and because there can only be one outcry witness. 

          Article
38.072 sets forth three procedural prerequisites for the admission of a child’s
hearsay statement under the article: (1) at least fourteen days before the
proceeding begins, the party intending to offer the statement must notify the
adverse party of its intention, name the witness through whom it intends to
offer the statement, and provide a written summary of the statement; (2) the
trial court must find, in a hearing conducted outside the presence of the jury,
that the statement is reliable based on the time, content, and circumstances of
the statement; and (3) the child must testify or be available to testify at the
proceeding or by any other manner provided by law. See id. art. 38.072, § 2(b).
These procedural requirements are mandatory for the admission of such hearsay
statements. Long,
800 S.W.2d at 547.

          Wortham admits that the State provided him with notice of
its intent to use outcry testimony from Heather and Deputy Folsom but asserts
that the State failed to provide notice with respect to Jennifer. Wortham also asserts that trial court failed to hold a
hearing to determine the reliability of the outcry statements. Finally, Wortham complains that only one outcry witness should have
been permitted to testify. The State responds that Wortham
has waived these complaints by failing to make the necessary objections at
trial. The State also contends that the testimony offered from Jennifer and Heather
was not offered under article 38.072, and it was therefore not required to
comply with the article’s procedures with respect to that testimony. But the
State offers no alternative basis on which the trial court could have properly
admitted Jennifer’s and Heather’s hearsay testimony. With respect to Deputy
Folsom, whose testimony the State asserts was admissible under article 38.072,
the State does not deny or otherwise address Wortham’s
contention that the trial court failed to hold the necessary hearing to
determine the reliability of the statement. 

Ordinarily, a trial court commits
error by admitting testimony under article 38.072 without first complying with
the hearing requirement. See Moore v. State, 233 S.W.3d 32, 35 (Tex. App.—Houston [1st
Dist.] 2007, no pet.); Duncan v. State, 95 S.W.3d 669, 671–72 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). Additionally,
the State has offered no basis upon which the trial court could have properly
admitted the hearsay testimony from Jennifer and Heather, since the
State admits that it was not offered under the “outcry exception.” But Wortham did not
request an article 38.072 hearing, object to the lack of a hearing, or object
to the admission of the hearsay testimony at trial. He has therefore waived any
error by the trial court in admitting the hearsay testimony. See Diaz v. State, 125 S.W.3d 739, 743 (Tex. App.—Houston [1st Dist.] 2003,
pet. ref’d) (holding that appellant waived error by
failing to object to denial of article 38.072 hearing); see also Tex. R. App. P. 33.1 (setting forth
requirements for preservation of error). 

We overrule Wortham’s first issue.

Adequacy of Representation

A.      Standard
of review

          Both the United States Constitution
and the Texas Constitution guarantee individuals the right to assistance of
counsel in a criminal prosecution. See U.S.
Const. amend. VI; Tex. Const. art.
1, § 10. “The right to counsel requires more than the
presence of a lawyer; it necessarily requires the right to effective
assistance.” Lopez v. State, 343
S.W.3d 137, 143 (Tex. Crim. App. 2011) (citing McMann
v. Richardson, 397 U.S.
759, 771 n. 14, 90 S. Ct. 1441, 1449 (1970); Powell v. Alabama, 287 U.S. 45, 57, 53 S. Ct. 55, 77
(1932)). Effective assistance is not errorless representation but, rather,
objectively reasonable representation. Id.
To prevail on his claim of ineffective assistance of counsel, Wortham must show that: (1) counsel’s representation fell
below an objective standard of reasonableness, and (2) the deficient
performance prejudiced the defense. Id.
(repeating the test set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984)). 

Courts of appeals must make a “strong presumption that
counsel’s performance fell within the wide range of reasonably professional
assistance.” Robertson v. State, 187
S.W.3d 475, 482 (Tex. Crim. App. 2006); Martinez
v. State, 313 S.W.3d 358, 364 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d). To overcome that presumption, a defendant must show
that the challenged action could not be considered sound trial strategy under
the circumstance. Martinez, 313
S.W.3d at 364 (citing Strickland, 446
U.S. at 689, 104 S. Ct. at 2065). Allegations of ineffectiveness must be firmly
founded in the record, which must demonstrate affirmatively the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
If the record is silent on trial counsel’s reasoning or strategy, we must
presume that his action was strategic. Id. at 814. The
record on direct appeal rarely provides the reviewing court an opportunity to
conduct a fair evaluation of the merits of an ineffective assistance of counsel
claim. Randon v. State,
178 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2005, no pet.). If the
record does not establish that trial counsel’s conduct fell below reasonable
professional standards, we cannot speculate to find trial counsel ineffective. See
Wood v. State, 260 S.W.3d
146, 148 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

B.      The
record does not establish ineffective assistance of counsel

Wortham contends that his trial counsel “was
ineffective because he failed to object and raise the provisions of [article
38.072] and limit the amount of hearsay that could be admitted.” He asserts
that trial counsel should have objected to the admission of outcry testimony in
the absence of a hearing and, with respect to Jennifer’s testimony, notice. He
also asserts that trial counsel should have objected to Deputy Folsom’s
testimony about L.F.’s statements to him about certain abuse as extraneous
offenses and to his testimony about L.F.’s statement to another deputy that she
and Wortham had intercourse as hearsay. He contends
that, “[b]ecause the only issue at trial was the
complainant’s credibility, trial counsel’s failure to object to such extensive
improper testimony can only be characterized as falling below an objective
standard of reasonableness.”

We disagree that trial counsel’s failure to object to this
testimony necessarily falls outside of the “wide range of reasonably
professional assistance.” Robertson, 187 S.W.3d at 483. To the contrary, the record demonstrates
what could be a sound trial strategy. One defense theory presented at trial was
that L.F. fabricated her allegations to deflect attention and gain sympathy
after getting in trouble for a “pregnancy scare,” that she expected her
allegations to be kept within the family, and that she felt she could not
recant her allegations once the police became involved. The admission of
testimony from Jennifer and Heather allowed trial counsel to develop this theme
by eliciting evidence that both of these women—the two women to whom L.F. made
the initial allegations—had been sexually abused themselves, and their sexual
abuse had been a “family secret” that did not result in police involvement.
With respect to Deputy Folsom’s testimony, trial counsel cross-examined L.F. extensively
about her detailed account of the abuse to Deputy Folsom, attempting to differentiate
that account from statements she made in court or to other people. In this
manner, defense counsel attempted to develop a theme that L.F.’s allegations
changed or grew over time, a theme consistent with the theory that L.F. fabricated
her allegations. Under the circumstances of this case, we cannot conclude that
trial counsel’s decision not to object to the
admission of testimony from Heather, Jennifer, and Deputy Folsom could not be
considered sound trial strategy. See Thompson,
9 S.W.3d at 814; Martinez,
313 S.W.3d at 364.

We overrule Wortham’s
second issue. 

Conclusion

          We
affirm the trial court’s judgment.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]
          Tex. Penal Code Ann. § 22.021 (West 2011).