ACCEPTED
14-15-00210-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 4:26:00 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00210-CR

IN THE FOURTEENTH COURT OF APPEALS OF
THE STATE OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/3/2015 4:26:00 PM

CHRISTOPHER A. PRINE
Clerk

RUSSELL ONEIL GREEN
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Appeal in Cause Number 1348108
From the 178th District Court of Harris County, Texas
Hon. David Mendoza, Judge Presiding

BRIEF IN SUPPORT OF MOTION TO WITHDRAW

ORAL ARGUMENT WAIVED

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

BOB WICOFF
Assistant Public Defender
Bob.Wicoff@pdo.hctx.net
1201 Franklin, 13th floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

COUNSEL FOR APPELLANT

## Identity of Parties and Counsel

Appellant                                          Russell Oneil Green
                                                   TDCJ # 01984982
                                                   Holliday Unit
                                                   295 N Freeway Service Road
                                                   Huntsville, Texas 77320


Presiding Judge                                    Hon. David Mendoza
                                                   178th District Court
                                                   Harris County, Texas
                                                   1201 Franklin Street
                                                   19th floor
                                                   Houston, Texas 77002


Trial Prosecutor                                   Melissa Munoz
                                                   Assistant District Attorney
                                                   Harris County, Texas
                                                   1201 Franklin Street
                                                   6th floor
                                                   Houston, Texas 77002


Defense Counsel at Trial                           Allen M. Tanner
                                                   Attorney at Law
                                                   917 Franklin Street
                                                   # 550
                                                   Houston, Texas 77002


Defense Counsel on Appeal                          Bob Wicoff
                                                   Assistant Public Defender
                                                   Harris County, Texas
                                                   1201 Franklin Street
                                                   13th floor
                                                   Houston, Texas 77002

# Table of Contents

**Page**

Identity of Parties and Counsel:                                    i

Table of Contents:                                                 ii

Index of Authorities:                                           iii-iv

Statement of the Case:                                             v

Issue Presented:                                                   v

Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the conviction and sentence following the appellant's open plea of guilty, followed by a pre-sentence investigation and hearing before the trial court.

Statement of Facts:                                                1

Summary of the Argument:                                           2

Argument:                                                          2

Prayer:                                                           17

Certificate of Service:                                          17

Certificate of Compliance:                                       18

# Index of Authorities

**Cases**                                                                                                                 **Page**

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................. *passim*

*Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).................................................. 4, 5

*Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974)................................................... 3, 4

*Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009) ..................................................... 4

*Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997)..................................................... 16

*High v. State*, 573 S.W.3d 807 (Tex. Crim. App. 1978)........................................................ 3, 4

*In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008)....................................................... 2

*McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988).............................. 3

*Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.) ................ 4

*Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) … 8

*Randon v. State*, 178 S.W.3d 95 (Tex. App.-Houston [1st Dist.] 2005, no pet.)… 15

*Sowels v. State*, 45 S.W.3d 690 (Tex. App.-Waco 2001, no pet.) .......................................... 3

*Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991)............................................... 3, 4, 5

*Stephens v. State*, 35 S.W.3d 770 (Tex. App.-Houston [1st Dist.] 2000, no pet.)............... 16

*Williams v. State*, No. 01-13-00660-CR, 2014 WL 7174255 (Tex. App.-Houston
[1st Dist.] Dec. 16, 2014, pet. ref'd.)(mem. op., not designated for publication……… 5

*Wood v. State*, 260 S.W.3d 146 (Tex. App.-Houston [1st Dist.] 2008, no pet.) 15

*Zuniga v. State*, No. 01-11-01124-CR, 2013 WL 485806 (Tex. App.-Houston
[1st Dist.], Feb. 7, 2013, pet. ref'd)(mem. op., not designated for publication)…… 14

# Index of Authorities (cont'd)

**Statutes**

xTEX. PENAL CODE ANN., sec. 12.42(c)(1)     v, 13

xTEX. PENAL CODE ANN., sec. 19.02(b)(1)-(2)     v, 5, 13

TEX. PENAL CODE ANN., sec. 19.02(c)     5

TEX. CODE CRIM. PROC. ANN., art. 1.15     13

xTEX. CODE CRIM. PROC. ANN., art. 26.13     8-9

## Statement of the Case

The Appellant was indicted for murder, alleged to have occurred on or about March 27, 2012 (C.R. at 14); *See* Tex. Penal Code Ann., secs. 19.02(b)(1)-(2). The indictment contained one enhancement allegation (C.R. at 14). On October 10, 2014, the Appellant entered a plea of guilty to the charge of murder and true to the enhancement allegation of the indictment, and the case was reset for a sentencing hearing (C.R. at 121-22, 131; R.R. at 7). The punishment range was thus enhanced to 15-99 years or life, with the option of up to a $10,000.00 fine, due to the Appellant's prior felony conviction. *See* Tex. Penal Code Ann., secs. 12.42(c)(1). On February 19, 2015, following a sentencing hearing, the trial court found the Appellant guilty and sentenced him to thirty (30) years confinement and a $10,000.00 fine (C.R. at 152; R.R. at 83-84). There was no motion for new trial.

## Issue Presented

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the conviction and sentence following the appellant's open plea of guilty, followed by a pre-sentence investigation and hearing before the trial court.**

## STATEMENT OF FACTS

The Presentence Investigation report (1 R.R. at State's exhibit 1, Presentence Investigation Report) and the Defendant's Sentencing Memorandum (C.R. at 155), both of which were admitted without objection at the sentencing hearing, reveal the following undisputed facts:

Sometime in late 2011 or early 2012, Russell Oneil Green[1] (hereafter referred to as "the Appellant") became involved in a relationship with a woman named Sharda Gatson. Ms. Gatson told the Appellant that she had previously been in an abusive relationship with a man named Christopher Petty, whom she claimed had "kept her against her will, made her prostitute and took all of her money" (1 R.R. at State's exhibit 1, Presentence Investigation report, at page 10). Gatson and the Appellant devised a plan to get money from her former pimp Petty.

Specifically, Gatson and the Appellant planned to lure Petty to a car wash, where the Appellant would jump out from a hiding place, beat Petty up and take money from him (1 R.R. at State's exhibit 1, Presentence Investigation report, at page 10). However, skeptical of Ms. Gatson, Christopher Petty picked up an acquaintance, Melfred Elkins ("Complainant") with orders that Elkins meet Ms. Gatson and walk her down the street, where Petty would then join them (1 R.R. at State's exhibit 1, Presentence Investigation report, at page 10). Once Elkins met Gatson, and the

---

[1] The records from the trial proceedings spell Appellant's middle name as both "O'Neil" and "Oneil."

1

Appellant intervened, events escalated quickly and Appellant stabbed Elkins in the chest. Ms. Gatson and Christopher Petty ran from the scene and Elkins died from the stab wounds. The Appellant expressed later remorse for the stabbing (1 R.R. at State's exhibit 1, Presentence Investigation report, at page 10).

### SUMMARY OF THE ARGUMENT

The undersigned has thoroughly reviewed the record and concluded that there are no meritorious grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation. Therefore, the undersigned moves to withdraw from representing the Appellant and has filed, simultaneously with this brief, a motion to withdraw.

### ISSUE PRESENTED

**Court-appointed counsel believes that the appeal in this case is frivolous, since there are no arguable grounds for appeal from the appellant's plea of guilty followed by a pre-sentence investigation.**

### ARGUMENT

### A. *Anders* briefs generally

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds, following a professional, conscientious evaluation of the record, that a case is wholly frivolous, his obligation to his client is to seek leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's obligation to

the appellate court is to assure it, through an *Anders* brief, that such a complete review of the record has been undertaken and that the request to withdraw is well-founded. *Id.*

A wholly frivolous appeal is one that "lacks any basis in law or in fact." *See McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 438 n.10 (1988). A reviewing court must resolve doubtful issues in the appellant's favor. *Id.* In the brief which accompanies his motion to withdraw, counsel must make references to the appellate record as well as to any applicable statutes, rules, and cases that lead counsel to the conclusion that the appeal is frivolous. *Sowels v. State,* 45 S.W.3d 690, 691 (Tex.App.-Waco 2001, no pet.). The brief must contain references to anything in the record that might arguably support the appeal, even though counsel believes that the appeal is frivolous. *Anders v. California, supra*; *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991).

Counsel is not required to make arguments that would not be made on behalf of a client who has retained counsel for the appeal; counsel is not required to make arguments for which there is no merit. *Currie v. State,* 516 S.W.2d 684 (Tex. Crim. App. 1974). If counsel concludes that there are no arguable grounds for appeal, then counsel should so state and should make references to the record, statutes, and cases which support that conclusion. *Stafford v. State, supra*; *High v. State,* 573 S.W.2d 807 (Tex. Crim. App. 1978). When discussing the record, counsel must discuss the evidence introduced at trial and must provide the appellate court "with ready

3

references to the record." *Stafford v. State, supra at 510 n.3*; *High v. State, supra.* Conclusory statements in the brief are insufficient. *Anders v. California, supra*; *High v. State, supra*; *Currie v. State, supra.*

Counsel must furnish a copy of the motion to withdraw and a copy of the brief to appellant and must advise appellant of his right to review the record and to file a *pro se* brief. Counsel must certify or otherwise show the appellate court that appellant has been furnished with a copy of the motion and brief and that appellant has been advised of his right to obtain the record and to file a *pro se* brief.

After appellant has himself raised the points that he wishes to raise, or the time has passed for him to do so, the appellate court must conduct an independent examination of the proceedings and determine whether the appeal is wholly frivolous. *Anders v. California, supra*; *Mitchell v. State,* 193 S.W.3d 153 (Tex.App.-Houston [1st Dist.] 2006, no pet.). If the court finds that the appeal is wholly frivolous and that there are no arguable grounds for appeal, it will grant the motion to withdraw and affirm the judgment of the trial court. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Although a reviewing court may issue an opinion explaining why the appeal lacks arguable merit, it is not required to do so. *Id.*, at 767. If the court determines that there are arguable grounds, it will abate the appeal and remand the cause to the trial court with instructions that the trial court appoint new and different counsel to represent appellant on appeal to present those arguable grounds, as well as any others that new counsel might wish to present. *See Bledsoe v. State*, 178 S.W.3d 824,

4

826–27 (Tex. Crim. App. 2005). The appellate court does not make a decision on the merits of any issue, except to determine whether an appeal is wholly frivolous and that there either are or are not arguable grounds for appeal. *Anders v. California, supra; Stafford v. State, supra.* An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe, supra*, at 827-828, fn 6.

## B. The appeal in this case is frivolous

The undersigned has evaluated the record from this case with the help of the useful "Anders Guidelines" posted on the website of the Fourteenth Court of Appeals. *See* http://www.txcourts.gov/media/883046/andersguidelines-revised-post-kelly-.pdf.

## 1. Sufficiency of the indictment or misdemeanor information.

The elements of murder under Tex. Penal Code, § 19.02(b)(1) are:

1. A person
2. intentionally or knowingly
3. causes the death of an individual.

Alternatively, the elements of murder under Tex. Penal Code § 19.02 (b)(2) are:

1. A person
2. intends to cause serious bodily injury and
3. commits an act clearly dangerous to human life that
4. causes the death of an individual.

The indictment in the instant case alleges each element prescribed by the statute (C.R. at 14). *Williams v. State*, No. 01-13-00660-CR, 2014 WL 7174255, at *4 (Tex. App.-

Houston [1ˢᵗ Dist.] Dec. 16, 2014, pet. ref'd.)(mem. op., not designated for publication).

There is nothing incorrect about the indictment, or which would suggest that it should have been challenged in the trial court by counsel. The indictment properly alleges all of the elements of murder. Further, the enhancement allegations are properly pled, alleging one prior felony offense of possession of a controlled substance (C.R. at 14).

## 2. Any adverse pretrial rulings, including but not limited to rulings on motions to suppress, motions to quash, and motions for speedy trial.

The Clerk's Record contains no adverse pretrial rulings. The defense made a few motions that apparently were not presented to the court (including a *pro se* Motion for Discovery and Inspection of Evidence (C.R. at 20), a *pro se* Motion to Suppress Co-Defendant's Confession (C.R. at 31), and a *pro se* Defendant's Motion to Have Written Rulings Made on all Motions Filed by the Defendant (C.R. at 35)), but these motions seem to lack merit, and the Appellant pled guilty to the charges in the indictment. Defense counsel did file various other motions (Motion for Psychiatric Examination (C.R. at 51); Motion for Appointment of Investigator (C.R. at 63); Defense Notice of Intent to Use Expert Testimony (C.R. at 92); Ex Parte Motion for Permission to Expend County Funds (C.R. at 94); Motion for Community Supervision (C.R. at 128)). Motions and notices by the State (C.R. at 71, 73, 74, 76, 79, 82, 85, 92, 108, 111, 127) seemed standard in preparing for trial. It is not apparent that

any other motions were advisable by the defense. As stated *supra*, the indictment contained nothing which suggested a motion to quash, as it alleged all the requisite elements of the offense.

As to limitations and speedy trial issues, there were none. The offense occurred on or about March 27, 2012 (C.R. at 14). The Appellant was then indicted on June 25, 2012 (C.R. at 14). After the case was transferred from the 176th District Court to the 178th District Court (due to the co-defendant's case having been filed in the latter court)(C.R. at 11), several resets, and a competency evaluation (C.R. at 54), the Appellant pled guilty on October 10, 2014. On February 19, 2015, after a few additional case resets, the Appellant was sentenced following a presentence investigation (C.R. at 152). Suffice it to say, the case moved at a normal pace. Nothing suggested a speedy trial violation or a limitations problem.

The situation appears where there was little to work with regarding guilt-innocence and the defense strategy was to admit guilt, seeking the lightest punishment by an open guilty plea followed by a Presentence Investigation. Defense counsel presented to the court an extensive Defendant's Sentencing Memorandum (C.R. at 155) to show mitigating factors to be considered and applied for community supervision (C.R. at 128).

**3. Compliance with Texas Code of Criminal Procedure 26.13 and, if appropriate, *Padilla v. Kentucky*, 130 S.Ct. 1473( 2010)**

In *Padilla v. Kentucky*, the U.S. Supreme Court held that the Sixth Amendment requires defense counsel to provide affirmative, competent advice to noncitizen defendants regarding immigration consequences of guilty pleas, and that absence of such advice may provide the basis for a claim of ineffective assistance of counsel. *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

The pre-sentence investigation report suggests that the Appellant was born in Houston (R.R. at State Exhibit 1, page 15). Thus, he enjoys United States citizenship.

With respect to Tex. Code Crim. Proc. Ann., article 26.13 ("Plea of Guilty"), written or oral admonishments were given to the Appellant by the trial court, and his response, either orally or in writing, indicated his understanding of the following:

a. **Range of punishment.** Tex. Code Crim. Proc. Ann. 26.13(a)(1). The Appellant initialed a paragraph admonishing him that the offense he was pleading to, enhanced by one prior felony conviction, was 15-99 years or life (C.R. at 123).

b. **Admonishment regarding the fact that any recommendation of punishment by the prosecutor is not binding on the court, but that if the court chose to reject the agreement, the defendant could withdraw his guilty plea.** Tex. Code Crim. Proc. Ann. 26.13(a)(2). The plea was entered without any recommendation of punishment, so such admonishment was irrelevant in this case.

c. **Admonishment that if the punishment assessed by the court did not exceed the punishment recommended by the prosecutor, the trial court must give its approval before any appeal could be undertaken (except for matters raised by written motions filed prior to trial).** Tex. Code Crim. Proc. Ann. 16.13(a)(3). The plea was entered without any

recommendation of punishment, so such admonishment was irrelevant in this case.

d. **Admonishment informing the defendant that if he is not a U.S. citizen, his plea of guilty or nolo contender could result in deportation.** Tex. Code Crim. Proc. Ann. 26.13(a)(4). As stated *supra*, the Appellant was a U.S. citizen (R.R. at State Exhibit 1, page 15).

e. **Admonishment concerning sex offender registration for certain offenses.** Tex. Code Crim. Proc. Ann. 26.13(a)(5). There was no such admonishment, but murder does not carry such consequences.

From the above, it is clear that the trial court provided the admonishments necessary under Tex. Code Crim. Proc. Ann. 26.13(a)(1)-(5), and that the Appellant indicated that he understood each of them.

4. **Whether the issue of competency was raised prior to sentencing, so as to warrant any inquiry by the court, and whether appellant was mentally competent when the court accepted the plea.**

The Appellant's competency was raised in this case. A competency evaluation was undertaken of the Appellant on July 19, 2013 and a written report was made part of the record (C.R. at 54-61). The report contains an extensive accounting of the Appellant's background, medical information, clinical observations by Stephen P. McCary, PhD., J.D., ABPP (Clinical Psychology), and a conclusion that the Appellant was competent to stand trial (C.R. at 61). At the plea colloquy, defense counsel also stated for the record that he believed that Defendant was competent to stand trial (C.R. at 122).

9

The Presentence Investigation Report states, under the "Health" section:

Mental Health:

Per the Harris County Special Needs Response Form, the following is noted:

Current Psychotropic Medications:
5/13/2014 - 5/13/2015 Aripiprazole Tab 10 MG
5/13/2014 - 5/13/2015 Diphenhydramine HCI cap 25 MG
1/27/2014 -1 /26/ 201 5 Amitriptyline HCI Tab 100 MG

Last known diagnosis:
8/17/2013 Axisl - DEPRESSIVE DISORDER NOS
8/17/2013 Axisl - MALINGERING
8/9/2013 Axis1 - DEPRESSIVE DISORDER NOS
11/13/2012 Axis1 - DEPRESSIVE DISORDER NOS
9/17/2008 Axisl - ATTN. DEF/HYPER D/O NOS
9/17/2008 Axis1 - BIPOLAR I MRE MIXED, UNSPECIF
6/4/2001 Axis1 - ATTN DEFICIT/HYPERACT D/O COMB
6/4/2001 Axis4 - EDUCATIONAL PROBLEMS
6/4/2001 Axis4 - PROB RELATED TO SOCIAL ENVIRONMENT
6/4/2001 Axis4 - PROB W/ INTERACTION WITH LEGAL
6/4/2001 Axis4 - PROB W/ PRIMARY SUPPORT GROUP

The defendant reported a doctor from MHRMA comes every three months to speak with him. The defendant stated he is currently doing "alright" and believes his medication is working.

When discussing past mental health treatment, the defendant said he was diagnosed with Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD) in elementary school. The defendant reported he took medication beginning in elementary

10

school and continued through middle school. The defendant said his mother took him off of the medication because he was using other drugs. The defendant denied taking any other medications until he came to jail. The defendant said he was also sent to DePelchin in middle school because he heard voices. The defendant stated he met with a psychiatrist for six months and does not know why he stopped meeting with the doctor. The defendant stated he also went to West Oaks Hospital in middle school, but does not remember why. The defendant said he can currently benefit from continued mental health treatment.

When asked a series of mental health questions, the defendant reported the following: The defendant stated he first attempted suicide in 2013 while in jail by cutting his wrist with a razor. The defendant said this did not work because the razor was too dull. The defendant reported he was placed in a suicide watch tank after this. The defendant stated he thought about suicide eight months ago, but did not have an idea of what he wanted to do. The defendant said during his 2013 suicide attempt and his 2014 suicidal thought, he was tired of living. The defendant denied having suicidal thoughts before coming to jail.

The defendant denied having a history of self-harming behavior. The defendant denied hurting anyone or lashing out at anyone. The defendant also reported he has trouble sleeping and sometimes has trouble with his appetite. The defendant said he does not find himself feeling hopeless or isolating himself from others nor does he cry easily. The defendant slated he is somewhat of an anxious person and has mood swings. The defendant said he believes people are sometimes out to get him, but he does trust people in authoritative positions. The defendant also reported he previously heard voices beginning in elementary school and continuing through seventh or eighth grade. The defendant said he only heard the voices and could not make out what they said. The defendant denied having any visual hallucinations. The defendant also denied his family having

a history of mental illness. (R.R. at State's exhibit, pages 107-08)

Despite the compelling mental health issues which clearly plagued the Appellant, on the issue of competency, an inquiry into his competency was made, an investigation followed, and the facts surrounding his mental health history were made known to the sentencing authority, the trial court.

**5. Whether the appellant's plea was freely and voluntarily made.**

The written plea papers and the colloquy with the trial court do not reflect any apparent confusion by the Appellant as to the nature of the proceedings.

**6. Any adverse rulings during the sentencing hearing on objections or motions.**

Counsel for the Appellant did not object to introduction of the presentence report (R.R. at 8), but there was no obvious reason to. There was only one objection by defense counsel during the sentencing hearing, due to irrelevance of a question asked by the State to a witness, which was sustained by the Court. There were no other objections either during the guilty plea proceedings or at the sentencing hearing, but there was nothing suggesting an objection was called for.

**7. Any failure on the part of appellant's trial counsel to fundamental error.**

It is unclear what "fundamental error" could have existed in this case. The indictment was correctly pled and the undersigned has certainly not detected any other errors to which an objection should have been posed.

**8. Whether the sentence imposed was within the applicable range of punishment.**

Murder is a first-degree felony, pursuant to Tex. Penal Code Ann., § 19.02(b). The Appellant pled true to the prior felony conviction alleged for enhancement, making the punishment range 15-99 years with the added possibility of a fine not to exceed $10,000.00. *See* Tex. Penal Code Ann., § 12.42(c)(1). Therefore, the thirty-year punishment which was assessed was within the applicable range of punishment.

**9. Whether the written judgment accurately reflects the sentence that was imposed and whether any credit was properly applied.**

The written judgment accurately reflects a conviction for murder, and lists such offense as a first-degree felony (C.R. at 152). This is accurate. The judgment reflects the thirty-year sentence. As to credit for time served, the judgment reflects that the Appellant was to be credited for the time period of 5/18/2012 until the date of sentencing, 2/19/2015. This is consistent with the Appellant's having been arrested on 5/18/2012 (C.R. at 8), and being credited for all time spent until and including the date of sentencing.

**10. Whether there is evidence to support a guilty plea in a felony case.**

Article 1.15, Tex. Code Crim. Proc. Ann., provides that the State offer sufficient proof to support any judgment based upon a guilty plea before the court. In this case, the PSI, admitted as State's exhibit 1, contains the Appellant's version of events, which includes an admission that he stabbed the complainant one time (R.R. at State's Exhibit 1 at page 12). Further, in the Defendant's Sentencing Memorandum,

the defense states that Appellant stabbed the complainant one time (C.R. at 166-67). Thus, there was some evidence to support the guilty plea. *See Zuniga v. State*, No. 01-11-01124-CR, 2013 WL 485806 (Tex. App.-Houston [1ˢᵗ Dist.], Feb. 7, 2013, pet. ref'd)(mem. op., not designated for publication)(where community supervision file was admitted into evidence without objection, such "other evidence" was enough to support guilty plea).

**11. Examination of the record to determine if the appellant was denied effective assistance of counsel.**

There is no suggestion from the record that counsel's performance was deficient in a manner that can be raised on direct appeal. Defense counsel offered the Appellant's mother, Deborah Green, as a character witness (R.R. at 47). Additionally, counsel provided the Defendant's Sentencing Memorandum, which described the Appellant's family and social history, educational history, drug use, mental health issues, and career and education plans prior to the alleged murder (C.R. 155-67). Further, Defendant's Exhibit 1 also contained records of custody issues between Appellant's parents, drug information regarding medications the Appellant was prescribed, a copy of Appellant's Harris County Special Needs Response Form, a letter from Appellant expressing remorse for the complainant's death, letters from Appellant's family and friends attesting to the Appellant's good character, a pamphlet from the Appellant's father's funeral, proof of past education and plans to continue it, proof of therapy, and a missing juvenile report of the Appellant from 2/19/2005

(R.R. at 129-96). Defense counsel put forward an admirable mitigation case for his client.

As has been frequently noted, the record on direct appeal in ineffective assistance of counsel cases rarely provides the reviewing court an opportunity to conduct a fair evaluation of the merits. *Randon v. State*, 178 S.W.3d 95, 102 (Tex. App.-Houston [1st Dist.] 2005, no pet.). A reviewing court cannot speculate to find trial counsel ineffective when the record is silent on counsel's reasoning or strategy. *See Wood v. State*, 260 S.W.3d 146, 148 (Tex. App.-Houston [1st Dist.] 2008, no pet.).

Several extraneous offenses committed by the Appellant were included in the PSI report (R.R. at State's exhibit 1 at pages 13-14). In terms of taking steps to bar consideration of the extraneous offense, if indeed there was any way to do so, it should be remembered that a presentence investigation report does not necessarily have to establish beyond a reasonable doubt that the defendant is responsible for extraneous misconduct before a court may consider it in assessing punishment. *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). In any event, these extraneous offenses were all related to prior convictions (see C.R. at 31), and they were ostensibly admissible for consideration at the punishment stage of the proceedings.

It should also be noted that in terms of the punishment that the Appellant was assessed, thirty years, such was nearer the minimum range of punishment for an enhanced offense (15 years). That is, the result of the proceeding was arguably better because of counsel's efforts to establish mitigating facts.

Therefore, there is no meritorious ground to be raised on direct appeal as to possible ineffective assistance as to the sentencing phase.

## C. The Appellant has been provided with a copy of the complete appellate record and a copy of the motion to withdraw

A copy of the entire appellate record (which consists of one volumes of the Reporter's Record, as well as one volume of the Clerk's Record) has been sent to the Appellant at his current address, which is:

> Russell Oneil Green
> TDCJ # 01984982
> Holliday Unit
> 295 N Freeway Service Road
> Huntsville, Texas 77320

The undersigned has also sent a letter with the copy of the record, explaining further the import of this brief and how the Appellant might pursue issues on an 11.07 writ that cannot be raised on direct appeal. A copy of this brief is also being sent to the Appellant, as is the attached Motion to Withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967) and *Stephens v. State*, 35 S.W.3d 770, 771 (Tex. App.-Houston [1st Dist.] 2000, no pet.)(motion to withdraw pursuant to *Anders* brief is properly directed to the appellate court, not the trial court).

Should this Court grant the undersigned's Motion to Withdraw, the undersigned will inform the Appellant of the result of his appeal and will also inform the Appellant that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

## PRAYER

For the reasons stated above, the undersigned prays that he be allowed to withdraw from representing the Appellant in this case, and that the Appellant be given the opportunity to file his own brief.

Respectfully submitted,

**Alexander Bunin**
Chief Public Defender
Harris County Texas

/s/Bob Wicoff
**Bob Wicoff**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th floor
Houston Texas 77002
(713) 274-6781
TBA No. 21422700

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing brief was sent through the efile system to the Harris County District Attorney's Office on the 3rd of August, 2015.

/s/ Bob Wicoff
Bob Wicoff

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this brief complies with the length requirements of Tex. R. App. P. 9.4(i). Specifically, the foregoing brief contains a total of **4,231** words, which is the total word count excluding those matters listed in Tex. R. App. P. 9.4(i)(1).

/s/ Bob Wicoff
Bob Wicoff
